Opinion of the court delivered by
Judge Whyte.
As to^the first reason assigned why the judgment should be arrested, the statute 37 Hen. 8, ch. 8, cited 3 Bac. Ab. 564, (Wilson’s ed.) is a sufficient answer to it: there it *543 is laid down, however material the words vi et armis might have been by the common law, the -above statute says they shall not of necessity be put in any indictment, nor shall the parties indicted have any advantage by writ of error, for the want of them or the like words, but the said indictment lacking said words, shall be adjudged effectual to all intents and purposes, as if these words had been in them. And Sergeant Hawkins says, “such objections have been often overruled, and it is not easy to show how they could prevail since the said statute.”
As to the second reason in arrest of judgment, that the indictment does not charge the defendant was a common drunkard, and a nuisance to society, it cannot prevail. The assignment of this error is in effect substantially the same with the charge in the indictment, for the indictment does not charge a single act of drunkenness alone, but repeated acts of the like kind. It charges, “that he the said Reuben Tipton, on the second day of Aug. 1830, and on divers other days before that time, was openly and notoriously drunk.”. This shows that the offence was a common thing with the defendant. | But it is argued, that a man may be drunk as often as he pleases in his own house, which is only a private injury to himself, and in which the public is not concerned. Suppose this reasoning were admissible, the indictment negatives its application in the present case, for the charge is, that the defendant was drunk, openly and notoriously, to the disturbance of the public peace, and to the great injury of the public morals of the good citizens of the State. Can it be said this conduct is not an injury to the public, and an evil example? The contrary but too often appears, and that too either accompanied with, or followed by fatal consequences.
The pernicious influence of an evil example is plain to every reflecting mind, and the powerful influence of this vice upon society, not only in its effect on the relations of private life, but also as being the origin, the fomenter, and the promoter of the greater portion of the public crime of the country, proves it tobe, what it is, an indict-
*544 r able offence. The judgment of the circuit court was correct, and must be affirmed.
Judgment affirmed.