## STATE v. JAMES KELLY.

### (*Jackson*. April Term, 1917.)

1. **DRUNKARDS.**    Public drunkenness.    Indicments on one offense.

Under acts 1859-60, chapter 10, it is discretionary with the grand jury whether it will indict for one act of public drunkenness. *Post, pp.* 85, 86.)

Acts cited and construed. Acts 1859-60, ch. 10; Acts 1843-44, ch. 98.

Cases cited and approved: Smith v. State, 20 Tenn., 396; Hutchison v. State, 24 Tenn., 142.

Code cited and construed: Sec. 58 (S.).

2. **INDICTMENT AND INFORMATION.**    Public drunkenness. Sufficiency.

The indictment for public drunkenness is sufficient, if it lays the venue in the county, though it does not state the particular place. (*Post, p.* 86.)

3. **DRUNKARDS.**    Public drunkenness.    Indictment.    Sufficiency.

An indictment for public drunkenness, alleging that the defendant openly, publicly, commonly, and notoriously was drunk, sufficiently alleges that he was drunk in the presence of persons, and that others saw and heard him while drunk, and that the drunkenness was committed in a public place. (*Post, p.* 87.)

---

### FROM McNAIRY.

---

Appeal from the Circuit Court of McNairy County. —S. J. EVERETT, Judge.

W. H. Swiggart, Jr., Assistant Attorney-General, for the State.

H. P. Wood, for appellee.

Mr. Justice Lansden delivered the opinion of the Court.

This is an appeal by the State from the action of the circuit judge in quashing an indictment against the plaintiff in error for public drunkenness. The indictment, omitting the formal part, is as follows:

"James Kelly . . . on the ———— day of November, A. D. 1915, in the county of McNairy, aforesaid, then and there unlawfully, openly, publicly, commonly, and notoriously was drunk, to the common nuisance of all who saw him."

The grounds upon which the learned trial judge quashed the indictment are:

"(1) The indictment charges only one act of drunkenness. (2) It is not stated where the act of drunkenness occurred, save that it occurred in McNairy county. (3) It is not charged that the drunkenness was in the presence of any one at all, or that any person saw or heard the defendant while drunk. (4) The indictment does not charge that the offense was committed in a public place."

We think the action of the learned trial judge was erroneous. It is now discretionary with the grand jury whether they will indict a person for one act of public drunkenness. At the common law

it was considered that the grand jury was obligated to prefer such an indictment, where the proper formalities were observed. *Smith* v. *State*, 1 Humph., 396. The above case was decided in 1839, and in 1842, by Laws 1841-42, chapter 94, the legislature enacted that no person shall be subject to indictment for any single act of drunkenness; and by chapter 98 of the Acts of 1843-44 it was enacted that the preceding act of 1842 should not be so construed as to subject any person to presentment or indictment for single acts of public drunkenness, unless he committed some other indictable offense while so drunk. Under these acts it was held that an indictment merely charging public drunkenness failed to charge any offense under our law. *Hutchison* v. *State*, 5 Humph., 142. But by section 41 of the Code (section 58 of Shannon's Code) all public and general acts passed prior to the enactment of the Code were repealed. This repealing section of the Code left the common law in force in this State. But by chapter 10, Acts 1859-60, the legislature made it discretionary with the grand jury whether persons should be presented for single acts of drunkenness. This is all of our legislation upon this phase of the question. An examination of these statutes makes it plain that one act of public drunkenness is indictable or presentable.

It is insisted that the indictment is defective, because it does not state the particular place that the drunkenness occurred. We think it is sufficient to lay the venue in McNairy county which is done. If the

State v. Kelly.

State should offer testimony showing more than one instance of drunkenness the defendant could require it to elect upon which instance it would go to trial. We think this would properly safeguard every interest of the defendant.

It is insisted that the indictment fails to charge that the drunkenness was in the presence of any one, or that any person saw or heard defendant while drunk, or that the drunkenness was committed in a public place. The indictment charges that the defendant openly, publicly, commonly, and notoriously was drunk, and we think these words clearly satisfy the objections that are made.

The judgment of the circuit judge is reversed, and the case is remanded for trial.