STATE OF WEST VIRGINIA *v.* JOHN McKOWN

(No. 8098)

Submitted April 30, 1935. Decided May 14, 1935.

254

*G. B. Armstrong,* for plaintiff in error.

*Homer A. Holt,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for the State.

HATCHER, JUDGE:

Defendant was convicted on a charge of forgery in the circuit court of Gilmer County, and his sentence (twelve years) included an extension because of an alleged former felony conviction. He charges here three major errors to the judgment of the circuit court, viz: that the averment in the indictment regarding his former convictions (two were alleged) was insufficient; that he was not identified as the one previously convicted; and that the venue of the indictment was not proven.

1 and 2. The first two assignments of error will be discussed together. The former convictions were in Clay County and were against (note the spelling) *John McCowen* and *John McCown.* The instant indictment is against John McKown. The State made no effort to show that the accused was the same person mentioned in the former indictments, or either of them, and that fact did not appear otherwise. It was not even proven that this defendant was in Clay County at or near the date of the criminal proceedings there. We are aware that some courts have held identity of name to be *prima facie* evidence of identity of person. 58 A. L. R. 84. But that rule presupposes identity of the spelling of the name, and has usually been aided by other facts and circumstances. Different orthographies of a name, though phonetically identical, may or may not indicate the same person. There is no certainty of inference either way. Before an accused is subjected to a superimposed penalty because of a former conviction, simple justice requires that he be proven to be the former convict. That fact should not depend on

attenuated inference. Personal liberty is so precious that it should be taken from no man upon slight evidence. Being of opinion that the evidence is insufficient to sustain the charges of former convictions, we deem it unnecessary to discuss the averment of the indictment thereon further than to say that the description of a former conviction suffices if it informs the accused clearly of that conviction. *State* v. *Goldstrohm*, 84 W. Va. 129, 99 S. E. 248. But the indictment should not aver that the grand jurors *"find"* (the word used therein) that the accused was formerly convicted, etc., since the grand jury merely presents—the trial jury finds.

3. Handwriting experts, comparing defendant's admitted writings with the writing on the forged instrument and accompanying order blank, were of opinion that the same person (defendant) was the author. The instrument allegedly forged was a check. It was drawn on a Sutton bank and was dated at Sutton, which is in Braxton County. It was mailed to a mail order house in Baltimore. The envelope in which the check was enclosed was postmarked *Sand Fork,* a post office in Gilmer County. Defendant resides in Gilmer County about eight miles from that post office. A catalog of the mail order house, and a bottle of blue ink, the color of that on the check, were found at defendant's residence. In a case with no direct evidence of the forgery, the courts generally permit an inference that the county where the accused is shown to have had possession of the forged instrument, is the county where the forgery was committed. The proof that the check was mailed in Gilmer County shows possession there and is sufficient to sustain the verdict that the crime was committed in that county. *State* v. *Poindexter,* 23 W. Va. 805; 26 C. J., subject Forgery, secs. 149-150.

The verdict herein is severable, and, being supported as to the principal offense of forgery, may stand as to that offense. Inasmuch as the sentence (two to ten years) merited by that offense is discretional with the trial court, the judgment herein is reversed and the case remanded. *State* v. *Mooney,* 27 W. Va. 546; *State* v. *Coontz,* 94 W. Va. 59, 66, 117 S. E. 701.

*Reversed and remanded.*