INMAN *v.* STATE.

(*Nashville*, December Term, 1952.)

Opinion filed June 5, 1953.

CLAUDE L. BOYD, of Waynesboro, for plaintiff in error.

KNOX BIGHAM, Assistant Attorney General, for the State.

304

MR. JUSTICE BURNETT delivered the opinion of the Court.

Inman has appealed from a conviction of public drunkenness with his punishment fixed at a fine of $1. The presentment under which said conviction was had reads:

"Tip Inman, heretofore, to-wit; on the——day of October, 1951, in said County and State, was then and there unlawfully, openly, and publicly drunk, in a public place in said County, against the peace and dignity of the State."

A motion to quash this indictment was made and overruled. The question made by this motion has been duly preserved and is presented and argued before us. The question raised is that the presentment as above quoted was insufficient because it failed to aver that the drunkenness amounted to a nuisance, or words of similar effect.

First let us see what is commonly accepted, now, as being sufficient in an indictment or a presentment. The true test of the sufficiency of an indictment or a presentment is

"whether it contains the elements of the offense intended to be charged, 'and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with

accuracy to what extent he may plead a former acquittal or conviction.' *Cochran* v. *United States,* 157 U. S. 286, 290, 15 S. Ct. 628, 630, 39 L. E. 704; *Rosen* v. *United States,* 161 U. S. 29, 34, 16 S. Ct. 434, 480, 40 L. Ed. 606.'' *Hagner* v. *United States,* 285 U. S. 427, 431, 52 S. Ct. 417, 419, 76 L. Ed. 861.

When we apply this test to the presentment in the instant case it seems to us that the presentment sufficiently charges the crime for which the plaintiff in error was indicted and convicted, provided drunkenness in a public place is an indictable crime in this State.

▉ It is recognized, in this State, that public drunkenness is an indictable offense at common law. *State* v. *Kelly,* 138 Tenn. 84, 195 S. W. 1126; *State* v. *Smith,* 50 Tenn. 465; *State* v. *Graham,* 35 Tenn. 134; *Hutchison* v. *State,* 24 Tenn. 142; *Smith* v. *State,* 20 Tenn. 396; *Tipton* v. *State,* 10 Tenn. 542, 543.

Blackstone in his commentaries says:

''Human laws can have no concern with any but social and relative duties being intended only to regulate the conduct of man, as a member of society. All crimes, therefore, ought to be estimated merely according to the mischiefs which they produce in civil society; and private vices, or breach of mere absolute duties, which man as an individual is bound to perform, are not the object of any municipal law, any further than as by their evil example they may prejudice the community, and become a species of public crimes. Thus the vice of drunkenness, if committed privately, is beyond the reach of human tribunals, but if committed publicly, is liable to temporal censure.'' Blackstone's Commentaries on the Law—Gavit Edition, Page 770.

At page 778 of the same work Blackstone says:

"By statute of James I, this vice (Drunkenness) was punished by a fine of five shillings, or by sitting six hours in the stocks, by which time it was presumed that the culprit would become sobered, and not liable to do mischief."

There were four special requests offered by the plaintiff in error which were refused by the trial court. Three of these requests were to the effect that the offense of public drunkenness could not be made out unless it was shown that the conduct of the plaintiff in error was offensive or objectionable to those near him. We think that the trial court was correct in refusing these three special requests because in our view it is not necessary for one to become a nuisance when he is drunk in public. The mere fact that he is in public, in a public place and is drunk is within itself an indictable offense without the aggravation of alleging or creating a nuisance by other acts. If these requests were given the court would be requiring the State to prove that the plaintiff in error could only be guilty when his drunken acts produced some kind of a reaction on another so as to be a nuisance. Under the law the offense is complete when one is drunk in public or in a public place. The fourth special request offered is to the effect that the offense must be done in such a manner as to be indecent or offensive to the senses and have the effect of causing disgust or other mental or physical discomfort to persons of ordinary sensibility and ordinary tastes and habits. Under this instruction before one could be guilty of public drunkenness a nuisance must be committed in fact as well as in law. We think that following the common law, as we do in this State, that such a showing is not necessary for one to be guilty of public drunkenness.

Over one hundred years ago this Court very succinctly and amply answered the question here presented in language as follows:

"The pernicious influence of an evil example is plain to every reflecting mind, and the powerful influence of this vice upon society, not only in its effect on the relations of private life, but also as being the origin, the fomenter, and the promoter of the greater portion of the public crime of the country, proves it to be, what it is, an indictable offense." *Tipton* v. *State*, 10 Tenn. 542, 543.

For the reasons stated the judgment below must be affirmed.