CLIFTON M. FROST

*v.*

STATE OF TENNESSEE.

(*Nashville,* December Term, 1958.)

Opinion filed October 2, 1959.

672

H. H. McKnight, Memphis, for plaintiff in error.

Thomas E. Fox, Assistant Attorney General, for the State.

Mr. Justice Tomlinson delivered the opinion of the Court.

The jury fixed the punishment of Frost at a fine of $750 and confinement for eleven (11) months and twenty-nine (29) days in the Shelby County Penal Farm by reason of its finding him guilty of the second count of an indictment charging him with

"having been convicted on four (4) prior offenses of driving an automobile while under the influence of an intoxicant, in the State, aforesaid, did unlawfully, while under the influence of an intoxicant, drive and physically control an automobile upon a public highway, to-wit, on a street in Memphis, Shelby County, Tennessee." Code Supplement 59-1035 T.C.A.

The word "prior" referred to the first count of that indictment charging him with driving while intoxicated on October 16, 1956 an automobile over the streets of Memphis. Section 59-1031 T.C.A.

Frost has appealed and assigns numerous errors.

Section 59-1035 T.C.A. provides that for a third or subsequent conviction there shall be imposed upon the offender a fine of not more than $1,000 and confinement in the workhouse for not more than eleven (11) months and twenty-nine (29) days. The concluding sentence of this code section is as follows:

"provided further that in the prosecution of second or subsequent offenders the indictment or presentment

need not allege any prior offense but it shall be sufficient for the proof to show a prior conviction or convictions in order to warrant the imposition of the increased penalty.''

This proviso has been adjudged by the Federal Appellate Courts as a violation of the due process clause of the Federal Constitution, amend. 14. *Edwards v. Rhea,* 6 Cir., 238 F.2d 850, and this Court's unreported case of *James E. Bailey v. State,* a case coming up from Knoxville following the decision in the Rhea case. These two cases were dealing with our Habitual Criminal Statute, T..CA. sec. 40-2801 et seq. The proviso, however, is the same as that hereinabove quoted from the driving while intoxicated statute.

On a previous appeal by Frost from his conviction in this case the indictment under which the proceedings were had did not allege the commission of the alleged prior offenses. However, relying upon the validity of the proviso mentioned, the Trial Court permitted evidence of such prior convictions. This Court, because of the Rhea and Bailey decisions, supra, reversed and remanded for a new trial, 314 S.W.2d 33, 37, and in so doing stated as follows:

''Therefore, it must be held that the concluding provision of Code, Section 59-1035 purporting to authorize proof of conviction and mandatorily increased punishment for the second or third offense of driving while drunk without previous notice thereof given to the defendant in the indictment, or otherwise, in, so far as it purports to dispense with notice, is invalid in that it is a violation of the due process clause of the State and Federal Constitutions.''

Following the remand, the State referred this case back to the grand jury at Memphis. That body then returned the indictment upon which the present proceedings were had, wherein, under the second count, it alleged four prior convictions of driving while intoxicated, without alleging when or where any of the alleged four previous convictions were had, or specifying any other details thereof.

When this case was called for trial the defendant's counsel at once interposed an objection to the second count of the indictment on the ground that

"there are no dates whatsoever given showing when he was convicted the four previous times—the defendant is deprived of his constitutional rights—there would arise certain questions of identity—the defendant cannot make any of the above mentioned defenses unless notified with the dates, he is a subsequent offender— his attorney cannot properly prepare a defense—by Article 1, Paragraph 9 of the declaration of rights that in all criminal prosecutions, the accused hath the right to be heard by himself and his counsel—to demand the nature and cause of the accusation against him—if he does not know the dates and numbers it follows the defendant will not be in a position to develop those particular defenses."

This objection which must be treated as a timely motion to quash the second count of the indictment was overruled and exception allowed.

The provision with reference to the punishment for a third or subsequent offense of driving while intoxicated is, as heretofore stated, Section 59-1035 T.C.A. Supple-

ment. That section is a codification of Chapter 202 of the Public Acts of 1953. Section 6 of that Act provides that any unconstitutional provision thereof shall not affect the validity of the other provisions.

▌In *Davidson County v. Elrod,* 191 Tenn. 109, 112, 232 S.W.2d 1, it is held that where the Act contains such a provision the remainder of the Act is valid if there is left thereof enough for a complete law capable of enforcement and fairly answering the object of its passage.

▌After elision of the aforementioned provision of this statute, its equivalent being held unconstitutional in the Edwards and Bailey cases, supra, "there is left enough of the Act for a complete law capable of enforcement". That law, after such elision, is that one who is convicted of driving while intoxicated upon the highways shall receive certain punishment if he has theretofore been convicted of the same offense three or more times. That was the holding of this Court with reference to the Habitual Criminal Statute containing the identical invalid provision in *Bomar v. State ex rel. Boyd,* 312 S.W. 2d 174, 178. For the same reason that holding applies to the statute applying increased punishment for prior convictions of driving while intoxicated.

The question which immediately arises, therefore, by reason of the overruling of the defendant's motion to quash the second count is whether the mere allegation of the fact of a prior conviction or convictions is sufficient. If not, this case must be reversed. The defendant expressly raised the question by his motion to quash made before trial, and to the overruling of which he saved exception and has assigned error.

■ There is no Tennessee decision, in so far as is found, upon the identical facts controlling the question here. The general principle, however, is clearly enunciated in *Inman v. State,* 195 Tenn. 303, 304-305, 259 S.W. 2d 531, 532, as follows:

"(1) First let us see what is commonly accepted, now, as being sufficient in an indictment or a presentment. The true test of the sufficiency of an indictment or a presentment is

" 'whether it contains the elements of the offense intended to be charged, "and sufficiently appraises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.' ' "

■ On principle it appears to be a clear fact that the mere allegation of the fact of prior convictions is not sufficient "to apprise (a) the defendant of what he must be prepared to meet" or, in case of a conviction, to show "with accuracy to what extent he may plead a former acquittal or conviction." As to the identical facts controlling that question here, the great majority of the text-writers and decisions in other jurisdictions are to the effect that the mere allegation of prior convictions, with nothing more, is insufficient, as a matter of law, if taken advantage of by a timely motion to quash so as to prevent the defect being cured by verdict.

■ 42 C.J.S. under title Indictments and Informations, sec. 145, pp. 1060-1061 states the general rule as follows:

"The indictment must set out the time and place of the first conviction, as by alleging with reasonable certainty the court in which it was had, and the term or date of the conviction, * * *." (Citing decisions.)

It is stated under the title "Habitual Criminals" in 25 American Jurisprudence, page 273 as follows:

"In some jurisdictions, it is siad that a mere allegation of the fact of prior conviction is sufficient, but generally such fact is required to be alleged with particularity and definiteness. The description of the former conviction need not be technically perfect. It is sufficient if it advises the accused of what conviction he must prepare to defend and enables the court to determine if the statute imposing the greater penalty applies."

The annotation in 116 A.L.R. at page 230, under the heading Form and Essentials of Allegation is this:

"In *State v. McKown,* 1935, 116 W.Va. 253, 180 S.E. 93, it was held that, to sustain a sentence of additional time in the penitentiary as superimposed punishment for a 'second offense of felony', the former conviction should be described in the indictment with sufficient particularity to inform the accused of the precise conviction upon which the state relies * * *."

\*    \*    \*    \*    \*    \*

"An allegation that defendant had previously been convicted of 'an offense of like charater' was held insufficient, inasmuch as there should have been a general description thereof, with a reference to the number and style of the cause, in *Waltrip v. State* [134 Tex.Cr.R. 202] 114 S.W.2d 555."

██ It is apparent from that herein said that this judgment will have to be reversed and the cause remanded for further proceedings because of the failure of the indictment to give defendant sufficient notice of that with which he was charged. With reference to such further proceedings, the Court and the attorneys should be apprised of the facts now to be stated.

This opinion has heretofore referred to our decision in *Bomar v. State ex rel. Boyd,* reported in 312 S.W.2d 174. In that case we held that after elision of the provision proposing to eliminate the necessity of notice of prior convictions that there remained a valid enactment fully capable of enforcement. It was further held in that decision that the failure to specifically charge more than the mere allegation of the fact of prior convictions is a defect in the indictment which was cured by the verdict, the defendant having failed to make a motion to quash.

Subsequently Boyd by habeas corpus proceedings brought the question before the United States District Court at Nashville presided over by Judge Miller. Judge Miller held that the provision in the Habitual Criminal Statute purporting to dispense with notice in the indictment of previous convictions rendered the entire Habitual Criminal Act invalid, rather than being a valid enactment after eliding the unconstitutional provision purporting to dispense with notice. Accordingly, he ordered the release of Boyd. The State has appealed and the matter is now pending in the Circuit Federal Court.

If the decision of Judge Miller is upheld on appeal, then for the same reason the entire Act providing for additional punishment in case of three previous convictions (59-1035 T.C.A.Supplement) will necessarily have

to be held invalid because of a violation of the due process clause of the Federal Constitution.

Faced with this dilemma, it is perhaps not presumptuous upon the part of this Court to suggest to the attorneys and Court that it may either (1) nolle the second count and proceed to trial on the first count or (2) with the consent of the defendant hold the case on the docket, after reference back to the grand jury and the return of a valid indictment as to the second count, without trial until the appeal in the Boyd case is finally determined by the Federal Appellate Courts.

Reversed and remanded.