B. R. Sams, Plaintiff in Error,

*v.*

State of Tennessee, Defendant in Error.

356 S.W.2d 273.

(*Knoxville*, September Term, 1961.)

Opinion filed April 4, 1962.

Lyle Burrow, Curtin, Haynes & Winston, Stacy J. Grayson, James P. Grayson, Ernest B. King, Bristol, Hal H. Carr, C. Wythe Edwards, Blountville, William S. Todd, Kingsport, for plaintiff in error.

George F. McCanless, Attorney General, Walker T. Tipton, Assistant Attorney General, Nashville, for the State.

MR. JUSTICE WHITE delivered the opinion of the Court.

The grand jurors for the State of Tennessee and the County of Sullivan returned an indictment or presentment against the plaintiff-in-error, defendant B. R. Sams, in which it was charged:—"That R. B. Sams on or about the 27 day of June, 1961, in the State and County aforesaid did unlawfully return or order the return of a weapon, to-wit: A pistol, to Roy Underwood. The said Roy Underwood having been charged with carrying a concealed weapon on the 10th day of June, 1961, tried on said charge on a plea of guilty, found guilty on the 16th day of June, 1961; said pistol returned being the same pistol on which said conviction was had. B. R. Sams being the Trial Judge in said case. Against the peace and dignity of the State of Tennessee."

The defendant filed a motion to quash said indictment, and also a demurrer to the indictment, both of which were overruled by the Trial Court. The defendant was then put to trial on his plea of not guilty with the request that if the jury found him guilty as charged that it should fix his punishment. Upon the proof presented, including that offered by the defendant, the jury returned a verdict of guilty and fixed the punishment at a fine of $25.00, but

recommended against "forfeiture", meaning that it recommended that the defendant not be ousted from office by reason of such conviction.

In due course a motion for a new trial was made and overruled by the Court. Whereupon the defendant prayed that the judgment be arrested, and this, too, was likewise denied. In the final decree of the Court in overruling such motions, it was ordered:

"It is therefore ordered by the Court that in accordance with the verdict of the jury that the defendant pay a fine of Twenty Five ($25.00) Dollars and costs and it is further ordered by the Court that a Forfeiture of Defendant's Office be effective as of this moment, 11:55 A.M."

It was further provided in said final order:—"That an appeal would be allowed to the next term of the Supreme Court at Knoxville, but that the appeal does not act as a supersedeas as to the Forfeiture of Office."

A petition was filed with the Clerk of the Supreme Court at Knoxville seeking the writ of supersedeas staying the final action of the Criminal Court of Sullivan County, Tennessee, until said matter was finally determined by this Court. Upon the presentation of this petition to Mr. Justice Hamilton Burnett on the 19th day of December, 1961, the writ was granted and the action of the Trial Court was superseded until final determination by this Court.

It was contended in the petition for the writ of supersedeas and now at the bar of this Court that the General Sessions Court of Sullivan County is an inferior court within the meaning of Article 6, Section 1 of the Con-

stitution of the State of Tennessee, and the Judge thereof B. R. Sams is protected against removal from office except through the method provided by Article 5, Section 4 of the Constitution of the State of Tennessee.

It is conceded by the defendant-in-error, the State, in its brief that the General Sessions Court of Sullivan County, Tennessee, is an inferior Court within the meaning of said Article 6, Section 1, and this being true the action of the Trial Court in decreeing a forfeiture of office is void because such action is beyond the jurisdiction of the Court to order or enforce.

The only question then remaining for decision is whether or not the verdict of the jury assessing a penalty of $25.00 against the defendant and the action of the Court in rendering a judgment thereon should be affirmed. Article 5, Section 4 specifically provides that any of the officers therein enumerated ''shall, nevertheless, be liable to indictment, trial, judgment and punishment according to law''.

It is contended by the defendant that the indictment under which he was tried is defective and faulty for numerous reasons. The applicable sections of the Code are:

''39-4911. Unlawful weapons on arrested persons forfeited.—Whenever any person is arrested by any lawful officer of the state, county, or a municipality within the state, and the said person is found to have on his person, or about him in an unlawful manner any unlawful weapon, such as bowie knife, black jack, knuckles, sling shots, pistols, burglar's tools, or any other weapon or device which is denominated as unlawful under the statutes of this state, which he is by

law prohibited from carrying, the said unlawful weapon or weapons shall become the property of the state, county, or municipality, as the case may be."

"39-4912. Disposition of weapons found on arrested persons.—All weapons may be destroyed or otherwise disposed of under the supervision and order of the judge, justice of the peace, or recorder before whom the person arrested is tried; but it is expressly provided that, in no event, shall said weapon or weapons be returned to the person arrested, or any of his relatives or friends, and it is further expressly provided that they shall not be sold or offered for sale in any part of the state."

Under Section 39-4913 T.C.A. it is provided that if any person violates any of the provisions of the foregoing two sections that he shall forfeit his office and be fined not less than $25.00 nor more than $100.00 for each and every offense.

The carrying of a pistol for the purpose of going armed is an offense within the meaning of Section 39-4901 and when the defendant, Roy Underwood, was convicted of carrying the concealed weapon, to-wit, one .38 caliber pistol then the weapon became the property of the State and could be disposed of only in the manner set out in Section 39-4912. It is expressly provided that "in no event, shall said weapon or weapons be returned to the person arrested, * * *."

In the case of *Biggs v. State,* 207 Tenn. 603, 341 S.W.2d 737, it was held that a pistol is not, per se, an unlawful weapon. "It becomes an unlawful weapon" while being carried on the person in an unlawful manner. Biggs was

found not guilty of carrying a pistol in an unlawful manner and he appealed from an order of the Court dismissing his petition for return to him of the pistol in question.

The Court reversed the action of the Trial Court and sustained the petition, stating that "pistol of defendant, adjudged not guilty of carrying pistol for purpose of going armed, was not subject to confiscation".

However, in the instant case the Docket of Division I of the Court of General Sessions of Sullivan County, Tennessee kept by B. R. Sams shows that the defendant, Roy Underwood, was charged with "possessing and carrying concealed unlawful arms against the peace and dignity of the State and B, Peace". He was fined $50.00 and costs on plea of guilty. This entry was made on said Docket on the 16th day of June, 1961 by the defendant, B. R. Sams. On the same page of the Docket under the general subject "Orders of the Court", there appears this order:—"The Court considers and orders officer to return gun to Deft." This order was signed B.R.S. and underneath it the letter "J" (meaning B. R. Sams, Judge). The warrant of arrest signed by B. R. Sams shows that Roy Underwood was charged with "carrying concealed weapons". See exhibit 1 to testimony of Kyle Weaver. Underwood posted a cash bond in the amount of $59.50 with the Sheriff of Sullivan County. The receipt therefor filed as exhibit to the testimony of Oakley Feathers, Deputy Circuit Court Clerk, shows the charge against Underwood to be "carrying fire arm". Underwood testified that he was charged with carrying a concealed weapon and was tried on this charge. When asked if he was found guilty of anything he replied: "Found

guilty of carrying a concealed weapon''. He also stated: ''I was found guilty and fined $59.50 and it was also stated that I plead guilty which I did not''.

The jury believed first that Roy Underwood was arrested upon a charge of carrying a concealed weapon; second, that he was found guilty of such charge and paid a fine together with the court costs; and third, that the defendant entered an order directing that the gun or pistol so carried by him in such unlawful manner be returned to him and from reading this record we do not see how the jury could have found otherwise.

The defendant by his motion to quash the indictment says: (1) ''That the indictment does not charge that the weapon alleged to have been returned to Roy Underwood was an unlawful weapon as defined by the statutes of the State of Tennessee.''

As we have said heretofore, a pistol is not an unlawful weapon, per se, it becomes unlawful, however, when it is carried for the purpose of going armed. Roy Underwood was arrested for carrying the weapon in question in an unlawful manner and upon his conviction the weapon then became subject to disposition as provided in Section 39-4912 T.C.A. The defendant herein had no right to return or order the return of the weapon to the said Roy Underwood, and for this indiscretion he will have to pay the small fine assessed against him by the jury.

In disposing of the motion to quash the indictment or presentment we have looked to the case of *Inman v. State,* 195 Tenn. 303, 304, 259 S.W.2d 531, 532, which held:

''The true test of the sufficiency of an indictment or a presentment is 'whether it contains the elements of

the offense intended to be charged, "and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." ' "

This language was supplied by the Court by Mr. Justice Hamilton Burnett who prepared the opinion. This holding was also approved in an opinion written by Mr. Justice Tomlinson in the case of *Frost v. State,* 205 Tenn. 671, 677, 330 S.W.2d 303, 80 A.L.R.2d 1191.

There are many assignments of error in the record, and we have considered each and every one of them and find them to be without merit, except as hereinafter provided.

Upon consideration of this entire record and the excellent briefs filed on behalf of the State and the defendant, we are pleased to sustain the assignments of error in so far as they challenge the jurisdiction of the Court to oust the defendant from his office but they are otherwise overruled and to affirm the verdict of the jury and the judgment of the Trial Court in assessing a fine against the defendant in the amount of $25.00. The costs will be divided equally.