IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JANUARY 1997 SESSION



FILED

October 16, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE, )
 )
  Appellee, ) No. 03C01-9602-CC-00062
 )
 ) Blount County
v. )
 ) Honorable D. Kelly Thomas, Judge
 )
JIMMY D. JOHNSON, ) (Sentencing)
 )
  Appellant. )

For the Appellant:

Raymond Mack Garner
District Public Defender
 and
Natalee Staats Hurley
Assistant Public Defender
318 Court Street
Maryville, TN 37804-4912

For the Appellee:

Charles W. Burson
Attorney General of Tennessee
 and
Robin L. Harris
Assistant Attorney General of Tennessee
450 James Robertson Parkway
Nashville, TN 37243-0493

Michael L. Flynn
District Attorney General
 and
Kirk Andrews
Assistant District Attorney General
363 Court Street
Maryville, TN 37804-5906

OPINION FILED:_____

JUDGMENT VACATED AND CASE REMANDED

Joseph M. Tipton
Judge

**O P I N I O N**

The defendant, Jimmy D. Johnson, appeals as of right from the sentence he received in the Blount County Circuit Court for the offense of incest, a Class C felony. The trial court sentenced the defendant as a Range I, standard offender to five years, requiring him to serve one year in the county jail and four years in the Community Corrections Sex Offenders' Program. In this appeal, the defendant contends that:

> (1) the trial court erred by using enhancement factors in T.C.A. § 40-35-114(1) and (4) to determine his sentence;
>
> (2) the trial court erred by refusing to permit the defendant to serve his entire sentence on probation or in the community corrections program; and
>
> (3) the trial court was without authority to split the defendant's community corrections sentence with a term of confinement.

We disagree and conclude that the trial court has authority to impose a community corrections sentence with a term of confinement. However, we vacate the judgment of conviction and remand the case for further proceedings, because the defendant was convicted of an offense with which he was not charged.

The record reflects that the defendant was charged with rape of his fourteen-year-old daughter. The record also reflects that the defendant entered a guilty plea to incest, although a transcript of the guilty plea hearing is not part of the record on appeal.

As for the sentencing enhancement issues raised by the defendant, the fact that the record on appeal does not include a transcript of the guilty plea hearing is significant. Without a full record of the trial court events that are relevant to the sentencing issues before us, we presume that the trial court is correct in its determinations. See State v. Beech, 744 S.W.2d 585, 588 (Tenn. Crim. App. 1987).

2

Moreover, without a full record, we are unable to undertake a full <u>de novo</u> review as required under T.C.A. § 40-35-401(d). Thus, the defendant's issues claiming errors in use of enhancement factors and in rejection of full probation would avail him nothing in a review on the merits.

As for the defendant's claim that the trial court was without authority to split his sentence between confinement and a sentence under the Community Corrections Act of 1985, it involves a question of law that is not dependent upon the full record. The defendant relies upon <u>State v. Michael Richmond</u>, No. 02C01-9410-CR-00217, Shelby County (Tenn. Crim. App. Sept. 13, 1995), in which this court stated that when "a defendant is placed in community corrections, <u>the defendant serves his entire sentence in community corrections</u>, but the court is able to alter or amend the length, terms or conditions of the defendant's sentence." Slip op. at 4 (emphasis added). This court noted that T.C.A. § 40-36-106(e)(1) provides that a trial court may sentence a defendant eligible for a community corrections sentence to any appropriate community-based alternative to incarceration <u>in</u> <u>lieu</u> <u>of</u> incarceration in a state penal institution, local jail or workhouse. <u>Id.</u>, slip op. at 3.

In response, the state asserts that the trial court was not required to order the defendant to serve his entire sentence in a community corrections program. It contends that pursuant to T.C.A. § 40-36-106(e)(1) and (2), the trial court may place conditions upon a community corrections sentence and that the year of confinement in the county jail was such a condition.

We believe that the sentence imposed by the trial court was legally authorized. The Community Corrections Act of 1985 contemplates the use of shock incarceration in conjunction with a community corrections sentence. Pursuant to T.C.A. § 40-36-106(e)(1), a trial court is authorized to sentence an eligible defendant to any

3

appropriate community-based alternative to incarceration as provided by law, and "under such additional terms and conditions as the court may prescribe, in lieu of incarceration in a state penal institution or local jail or workhouse." A "community-based alternative to incarceration" is defined in T.C.A. § 40-36-102(5) as "services and programs provided in local jurisdictions for eligible offenders in lieu of incarceration in state penal institutions or local jails and workhouses" and those alternatives provided in T.C.A. § 40-36-302.

Pursuant to T.C.A. § 40-36-302(a), the community-based alternatives include but are not limited to:

> (1) noncustodial community corrections options which involve close supervision but which do not involve housing of the offender in a jail, workhouse or community facility;
>
> (2) short-term community residential treatment options which involve close supervision in a residential setting;
>
> (3) enrolling community corrections participants in residential in-house drug and alcohol treatment for detoxification and counseling; and
>
> (4) individualized services which evaluate and treat the special needs of the population served under this chapter.

However, T.C.A. § 40-36-302(b) also provides that the above options may be used "in conjunction with a period of shock incarceration, or in conjunction with a term of probation and/or a term of split confinement or periodic confinement as provided in chapter 35 of this title." (Emphasis added).

The term "shock incarceration" is not defined, but the separate references to split confinement and periodic confinement as provided in the Sentencing Reform Act of 1989 are telling. That is, the fact that shock incarceration is mentioned separately from confinement options relative to probation shows that the legislature contemplated the use of confinement with a community corrections sentence, alone. Thus, we agree

4

with the state that a period of confinement may be used as a special condition of a community corrections sentence in the appropriate case.

As for how long a period of confinement is contemplated, we believe that the legislature's intent can be drawn from the split confinement law dealing with probation. Under T.C.A. § 40-35-306, a period of confinement up to one year can be imposed along with probation. The Sentencing Commission Comments refer to this use of confinement coupled with probation as "shock probation." Given, as well, that a community corrections sentence is provided as a sentencing alternative in T.C.A. § 40-35-104(c)(8), we see no reason why the legislature would consider the term of confinement for "shock" value authorized under the Community Corrections Act to be any different than that allowed for probation. Thus, in the appropriate case, a one-year period of confinement could be imposed in conjunction with, as a condition of, a community corrections sentence.

However, the defendant's judgment of conviction must be vacated and this case remanded because he was convicted for an offense with which he was never charged. The indictment returned by the grand jury charged the defendant with rape, but he was convicted of incest. No amendment to the indictment exists in the record. The record indicates that the trial court viewed incest as a lesser included offense of rape. It is not, neither by law nor by the indictment allegations in this case. See State v. Brittman, 639 S.W.2d 652, 654 (Tenn. 1982); State v. Trusty, 919 S.W.2d 305 (Tenn. 1996); Howard v. State, 578 S.W.2d 83, 85 (Tenn. 1979).

We note, as well, that an indictment is to be in writing. See T.C.A. § 40-13-101(a). Because any amendment would be part of the indictment, it also must be in writing. In this respect, a "lawful accusation is a prerequisite to jurisdiction." Trusty, 919 S.W.2d at 309. In this case, the record on appeal does not contain a written

5

amendment to the indictment or any mention of an amendment to the indictment. With the record completely silent as to the defendant's position on any amendment, we cannot presume that an amendment occurred. Thus, the record reflects that the defendant was convicted of an offense with which he has not been charged.

In consideration of the foregoing, we vacate the judgment of conviction for incest. The case is remanded for further proceedings consistent with this opinion.

_____
Joseph M. Tipton, Judge

CONCUR:

_____
Gary R. Wade, Judge

_____
William M. Barker, Judge

FILED

**October 16, 1997**

Cecil Crowson, Jr.
**Appellate Court Clerk**

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

6

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No. 03C01-9602-CC-00062 |
| | ) | |
| | ) | Blount County |
| v. | ) | |
| | ) | Honorable D. Kelly Thomas, |
| Judge | | |
| | ) | |
| JIMMY D. JOHNSON, | ) | (Sentencing) |
| | ) | |
| Appellant. | ) | |

## <u>CONCURRING OPINION</u>

Article I, § 14 of the Tennessee Constitution provides that "no person shall be put to answer any criminal charge but by presentment, indictment, or impeachment." This right to a criminal accusation by a grand jury applies to all crimes except those involving a fine of $50.00 or less. <u>Capital News Co., Inc. v. Metro. Gov't of Nashville</u>, 562 S.W.2d 430 (Tenn. 1978). Also, it is well established that an indictment charges not only the offense stated but all lesser and included offenses. Tenn. R. Crim. P. 31(c); <u>Strader v. State</u>, 362 S.W.2d 224, 227 (Tenn. 1962); <u>State v. Alcorn</u>, 741 S.W.2d 135, 139 (Tenn. Crim. App. 1987).

In order to meet the requirements of law, an indictment must (1) contain all of the elements of the offense; (2) sufficiently apprise the defendant of the offense he is called upon to defend; (3) inform the trial judge of the offense to which he must apply the judgment; and (4) permit the defendant, as a guard against double jeopardy, to plead with accuracy a former acquittal or conviction, on prior jeopardy principles, of the present offense. <u>Frost v. State</u>, 330 S.W.2d 303, 305 (Tenn. 1959); <u>Inman v. State</u>, 259 S.W.2d 531 (Tenn. 1953).

Rule 7, Tenn. R. Crim. P., provides that an "indictment, presentment or information may be amended in all cases with the consent of the defendant...." There was no such amendment in this case. Instead, the defendant

7

entered a guilty plea to incest, which is clearly not a lesser included offense of rape. While the guilty plea might indicate that the defendant would have consented to the amended indictment, the Constitution requires more than an implication. The original indictment, as it now stands, would not be sufficient to bar future prosecution of this defendant for the same offense. By remanding this case for remedial action, the courts not only avoid a meritorious post-conviction challenge but also underscore the importance of the constitutional provision.

For these reasons, I concur in the opinion.


_____

Gary R. Wade, Judge

8