J. J. SMITH, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion filed March 25, 1918.

1. The selling by any person of intoxicating liquors in a county in this State which county under the provisions of Article XIX of the Constitution has voted against the sale of such liquors, is a misdemeanor—but the selling of such liquors by one in such a county after having been before convicted of the like offense is a felony.

2. The allegation of former conviction is a material element in the crime of selling intoxicating liquors as a second offense in a county which has voted against such sale, and should be specifically and clearly alleged in the indictment and not left to inference.

3. A motion to quash an indictment reaches defects which are apparent, whether the same be of form or substance; but when an indictment is attacked by a motion in arrest of judgment the objection should go to some substantial matter to be fatal.

4. An indictment charging the defendant with the sale of intoxicating liquors as a second offense in a county which had voted against the sale of such liquors, which alleges that the defendant "had theretofore prior to said sale pleaded guilty" * * * "of the like offense" is fatally defective because such allegation is not equivalent to an allegation that the defendant "had been before convicted of the like offense."

5. The rule is well established that an indictment should allege every necessary element constituting the offense charged and no such element should be left to inference.

6. The word "convicted" as used in the statute denouncing the sale of intoxicating liquors as a second offense in a county which has voted against the sale of such liquors, means adjudication by a court of competent jurisdiction of the defendant's guilt. It involves all the proceedings from the charge to judgment and sentence.

Writ of Error to Circuit Court for Jackson County, C. L. Wilson, Judge.

Judgment reversed.

*Paul Carter*, for Plaintiff in Error;

*Van C. Swearingen*, Attorney General, and *C. O. Andrews*, Assistant, for the State.

ELLIS, J.—The plaintiff in error was convicted in the Circuit Court of Jackson County of a violation of the local option laws in that county and was sentenced by the court to two years at hard labor in the State Prison. To this judgment he took a writ of error.

The question presented here is whether the indictment fails to allege an essential element of the offense sought to be charged.

The indictment, omitting the formal parts, is as follows:

"IN THE NAME AND BY THE AUTHORITY OF THE STATE OF FLORIDA:

"THE GRAND JURORS OF THE STATE OF FLORIDA, impaneled and sworn to enquire and true presentment make in and for the body of the County of Jackson, upon their oath do present that J. J. Smith, whose Christian name is unknown to the Grand Jury of the County of Jackson and the State of Florida, on the 1st day of September in the year of our Lord One Thousand Nine Hundred and Seventeen in the County and State aforesaid, did unlawfully and feloniously, sell and cause to be sold intoxicating liquors, wines and beer in the county of Jackson of said State which said county had theretofore voted against the sale of such liquors, wines and beer under Article 19 of the Constitution of the State of Florida and that the said J. J. Smith had theretofore prior to said sale pleaded guilty in the County Judge's Court of Jackson County, Florida, of the like offence;

"Wherefore, the Grand Jurors aforesaid do say and present that the said J. J. Smith is a common liquor dealer;

"Against the form of the statute in such cases made and provided, to the evil example of all others in like case offending and against the peace and dignity of the State of Florida."

The offence of selling intoxicating liquors in a county which under the provisions of Article XIX of the Constitution has voted against the sale of such liquors is a misdemeanor, but to sell such liquors in such county "having been before convicted of the like offense" is to commit a felony under our statutes. See Sections 3556-

3556a General Statutes, 1906, Florida Compiled Laws 1914; Chapter 6861 Laws of Florida, 1915.

The court below regarded the indictment as sufficiently charging the sale of intoxicating liquors in Jackson county by the defendant as a second offence. That is to say that the defendant "had been before convicted of the like offence."

Upon arraignment the defendant pleaded not guilty. He then asked for leave to withdraw the plea in order to move to quash the indictment. The motion to quash the indictment was filed, which showed the grounds of the attack upon it. The request was denied. The defendant was put upon trial, convicted and sentenced. He moved in arrest of judgment. The motion containing the same ground of attack upon the indictment as was contained in the motion to quash. The motion in arrest of judgment was overruled, and the case comes here for consideration of the two alleged errors which the plaintiff in error contends the court below committed.

The Attorney General and counsel for the plaintiff in error are agreed that the motion for leave to withdraw the plea of not guilty in order that the defendant below might interpose a motion to quash was a matter addressed to the sound judicial discretion of the trial court and unless it can be shown that the attack proposed to be made upon the indictment by the motion to quash was vital and affected more than matter of form, no error was committed by the court's order.

This court has said in substance that a motion to quash an indictment performs much the same function as a demurrer. It reaches defects apparent on the face of the indictment. The defect may be one of substance as failure to allege some necessary ingredient of the offense or failure to allege venue, or may show that the

prosecution is barred by the statute of li : itations, or it may be one of form as where the allegations are not sufficiently definite or certain to reach the standard of good pleading, although of such character as not to be fatal after verdict. See Barber v. State, 52 Fla. 5, 42 South. Rep. 86; Mills v. State, 58 Fla. 74, 51 South. Rep. 278; Niblack v. State, 70 Fla. 227, 70 South. Rep. 415; Smith v. State, 72 Fla. 449, 73 South. Rep. 354.

In this case in view of the fact that the defendant had pleaded to the indictment, we are of the opinion that it should be tested by the rule which controls where the court considers motions in arrest of judgment. That rule requires that the indicement should receive a liberal construction. See Smith v. State, *supra.*

By pleading to the indictment the defendant postponed the consideration of the point to be presented until after verdict. Although he afterwards and before trial sought to withdraw his plea his right to do so was by the rule which obtains in such cases controlled by the court's discretion, and we will not hold that discretion to have been abused unless the indictment failed to substantially charge the offence, that it was so vague, indistinct and indefiinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense, thereby applying the same rule that obtains on a motion in arrest of judgment.

In behalf of the plaintiff in error it is insisted that the allegation that the defendant below "had theretofore prior to said sale pleaded guilty in the County Judge's Court of Jackson County, Florida, of the like offense," is not equivalent to an allegation that the defendant "had been before convicted of the like offense." In other

words, to charge that a man pleaded guilty to an accu-
sation against him for committing a misdemeanor is not
equivalent to charging that he had been convicted of such
offense.

If the point is well taken the motion in arrest of judg-
ment should have been sustained because although elim-
inating that part of the indictment charging a former
plea of guilty to a like offense a valid charge would
remain of selling intoxicating liquors in a county which
had voted against such sale would remain, yet the Cir-
cuit Court was without jurisdiction of such offense.

The rule is well established in this jurisdiction that
an indictment should allege every necessary element
constituting the offense charged, and no such element
left to inference. See Anderson v. State, 38 Fla. 3, 20
South. Rep. 765; Whatley v. State, 46 Fla. 145, 35 South.
Rep. 80; Moulie v. State, 37 Fla. 321, 20 South. Rep. 554.

The statute under which the indictment was framed
contains the word "convicted" in describing the element
necessary to make the offense of selling intoxicating
liquors in a county which had voted against such sale
a felony. The defendant must be charged with having been
before convicted of a like offense if it is intended to
charge him with the felony of selling liquors as a second
offense.

In this case the indictment charges merely that the
defendant had prior to the sale "pleaded guilty" in the
County Judge's Court "of the like offense."

The meaning of the word "convicted" as used in the
statute above referred to means the adjudication by the
court of the defendant's guilt. It involves all the neces-
sary proceedings from the charge to the sentence
inclusive.

"When the law speaks of 'conviction' it means a judg-

ment, and not merely a verdict, which in common par-
lance is called a conviction." "Conviction is used in
different senses. In its most common use it signifies
the finding of the jury that the prisoner is guilty, but it
is frequently used as implying a judgment and sentence
of the court on a verdict or confession." "As used in
(a statute) providing that the 'conviction' of any crime
may be shown to affect the credibility of a witness, etc.,
it means a judgment of the court."

"The 'conviction contemplated by the common law
rule' disqualifying persons from testifying as witnesses
who had been convicted of certain crimes, 'included the
sentence or judgment of the court and was satisfied with
nothing else.'" See 2 Words and Phrases under the
word *Convicted*.

In a number of cases this court has held that the word
convicted or conviction as used in a statute or in a plea
of *autrefois* convict or acquit, includes the sentence or
judgment of conviction, and not merely the verdict of
the jury. See O'Brien v. State, 55 Fla. 146, 47 South.
Rep. 11; State *ex rel.* Owens v. Barnes, 24 Fla. 153, 4
South. Rep. 560.

The last case reviews the authorities which it seems
are not agreed on the question of whether the word
conviction includes a judgment and quotes favorably the
rule announced in the case of Commonwealth v. Lock-
wood, 109 Mass. 323, which is often cited in support of
the contention that the word means merely the finding
of a verdict of guilty by the jury, or a plea of guilty.
The rule announced was: "Where the word 'convic-
tion' is used to describe the effect of the guilt of the
accused as judicially proved in one case, when pleaded
or given in evidence in another, it is sometimes used in

a more comprehensive sense including the judgment of the court."

In the case at bar the guilt of the defendant depends upon a former conviction. Clearly a case where guilt as judicially proved in a former case is to be alleged and proved in the present case to affect the criminal status of the accused.

This court has so often expressed the opinion that the word "conviction" includes the judgment of the court as well as a plea or verdict of guilty that such definition of the word as used in the statute or plea invoked to describe the effect of a former conviction in a subsequent cause may be said to be firmly established. See Pensacola Lodge No. 497, B. P. O. E. v. State, 74, Fla. 498, 77 South. Rep. 613.

The allegation in the indictment that the defendant "had theretofore prior to said sale pleaded guilty, etc., of the like offense" is not equivalent to an allegation that the defendant had "Been before convicted of the like offense," and as the allegation of a former conviction is a necessary element of the offense charged, the motion in arrest of judgment should have been granted. The judgment is, therefore, reversed.

BROWNE, C. J., AND TAYLOR AND WHITFIELD, J. J., concur.

WEST, J., dissents.