102 So.2d 814 (1958)
Ben Babe SHARGAA, Appellant,
v.
STATE of Florida, Appellee.
Supreme Court of Florida.
April 30, 1958.
Rehearing Denied June 11, 1958.
J.B. Patterson, Fort Lauderdale, for appellant.
Richard W. Ervin, Atty. Gen., David U. Tumin and Edward S. Jaffry, Asst. Atty. Gen., for appellee.
THORNAL, Justice.
Appellant Shargaa, who was defendant below, seeks reversal of a judgment and sentence to the State Prison following conviction by a jury of the crime of grand larceny and simultaneously finding him to be a second offender under Chapter 775, Florida Statutes, F.S.A.
The principal point which we consider on this appeal is whether a defendant may *815 be charged in one information with having committed a felony upon which he is then about to be tried and having previously been convicted of an unconnected felony in order to lay the basis for punishment as a second offender in the event of his conviction of the currently alleged offense.
By the amended information appellant Shargaa was charged with having been convicted of the felony of issuing a worthless check for more than fifty dollars in the Criminal Court of Record of Broward County on September 28, 1954. See Shargaa v. State, Fla. 1955, 84 So.2d 42. In the same information Shargaa was informed against for having committed the offense of grand larceny in Broward County on January 18, 1956. The significant point to note is that there is no allegation that Shargaa was convicted of the alleged subsequent offense. The allegation could not be made simply because the man was being tried for grand larceny under the same information that charged conviction of the prior felony.
Appellant's motion to quash the amended information was denied. He was tried before a jury on the grand larceny charge and in the course of the same trial, the State produced evidence of his prior conviction on the worthless check charge. The jury rendered a verdict finding appellant guilty of grand larceny and in the same verdict found that he had on September 28, 1954, been convicted of the worthless check charge. In addition to the motion to quash, the appellant throughout the trial objected to the evidence of his prior conviction on the worthless check charge. All of his objections were overruled. His motion for a new trial was denied. The trial judge entered a judgment of conviction finding Shargaa to be a second offender and sentenced him to five years in the State Prison as such. Reversal of this judgment is now sought.
The appellant contends that under Sections 775.09 and 775.11, Florida Statutes, F.S.A., it is improper to lay in the same information the accusation of an offense upon which the accused is to be tried and simultaneously the allegation of a prior conviction in order to increase the punishment to be prescribed in the event of a conviction of the alleged subsequent offense.
In defense of the information here the State contends that the allegation of a prior conviction of a felony may properly be laid in an information charging one with an offense which allegedly he has committed but for which he has not yet been convicted in order that the trial judge might, in the event of conviction for the alleged subsequent offense, prescribe a sentence authorized by Section 775.09, Florida Statutes, F.S.A.
It should be borne in mind that this is not the customary "second offender" information which charges two successive convictions of felonies. In the information at hand the State charged that Shargaa had been convicted on the worthless check felony and that he had committed grand larceny. The State informed against him for the second offense but he had not yet been convicted. The evidence which the State relied upon to show the prior conviction of the worthless check felony was submitted to the jury for consideration along with all of the evidence upon which the State relied to convict the appellant of the crime of grand larceny.
The trial judge undertook to advise the jury that the prior conviction of the worthless check felony could not be taken into consideration in their deliberations on the subject of whether appellant has committed grand larceny. However, we think it literally impossible for any jury to eliminate from their thinking any consideration of the separate unconnected crime for which the appellant had been convicted when they deliberated the matter of his guilt or innocence on the charge of grand larceny.
We have many times held that it is harmful error to permit evidence of collateral *816 crimes independent and unconnected with the crime for which the defendant is on trial. Kennedy v. State, 140 Fla. 124, 191 So. 193. There are recognized exceptions to this general rule, such as, where it is proper to connect two crimes as a part of one transaction or where the related crime explains or defines the character of the act charged as to motive or intent. Talley v. State, 160 Fla. 593, 36 So.2d 201. However, we can find no basis for application of the exceptions to the case at bar.
We do not overlook the contention of the State that the allegation of the conviction of the prior crime is inserted in the information merely to lay the basis for the enhanced punishment in the event of conviction of the crime alleged to have been subsequently committed. We understand also that the authorities on the problem at hand are divided. 25 Am.Jur., Habitual Criminals, Sec. 23, p. 270; 42 C.J.S. Indictments and Informations § 145, p. 1066 et seq.
Regardless of the views of some other courts our view is that by the enactment of our habitual criminal statute, as well as by our traditional concepts of due process in the administration of the criminal laws, the State should not be permitted merely to charge an accused with the commission of a crime and buttress its current charge with a simultaneous allegation that the accused had previously been convicted of a totally unrelated crime committed years before. It appears to us that the product of such a procedure would substantially destroy the historical presumption of innocence which clothes every defendant in a criminal case and in the mind of the average juror would in a measure place upon the accused the burden of showing himself innocent rather than upon the State the responsibility of proving him guilty.
In the case at bar the State points to the language of Section 775.09, Florida Statutes, F.S.A., which reads in part as follows:
"A person who, after having been convicted within this state of a felony or an attempt to commit a felony, or under the laws of any other state, government or country, of a crime which, if committed within this state would be a felony, commits any felony within this state is punishable upon conviction of such second offense as follows: * * *."
The State emphasizes that the statutory requirement simply is that a person must have been convicted of the prior felony and must "commit" the subsequent felony. Who decides that the subsequent felony has been "committed", the sheriff, the prosecutor, the trial judge? No,  the same trial jury which is told at the same time that "two years ago this man issued a worthless check for one hundred dollars so it naturally follows that he now must be guilty of the State's charge of larceny." We think this view imposes upon the subject statute too narrow a construction. It appears to us that the word "commit" as it applies to the alleged subsequent felony comprehends within its connotation the necessity for a conviction.
We believe our position to be supported by the language of Section 775.11, Florida Statutes, F.S.A., which provides the procedure for imposing punishment upon a habitual offender "If at any time after sentence or conviction it shall appear that a person convicted of a felony has previously been convicted" of the crimes otherwise described in the statute.
Sections 775.09 through 775.11, Florida Statutes, F.S.A., were originally Sections 1, 2 and 3 of Chapter 12022, Laws of Florida 1927. Referring to the original act we think also that the title provides added support for the conclusion which we here reach. The title of Chapter 12022, supra, reads:
"An Act Prescribing Punishment for Persons Who Have Been Twice Convicted of a Felony, and Prescribing Punishment for Persons Who Have *817 Been Convicted Four Times for a Felony and Prescribing Procedure in Such Cases." (Emphasis added.)
An examination of the original statute would certainly lead one logically to the conclusion that the Legislature intended to announce a punishment for so-called second offenders, a punishment for so-called fourth offenders and by the third section of the statute intended to prescribe the procedure to be followed by the State in bringing about such punishment.
While the State here insists that Section 775.11, Florida Statutes, F.S.A., was intended merely to cover situations where the prosecuting officials had no knowledge of the prior conviction during the subsequent prosecution for the second or fourth offense, it appears further to us that it was not intended to prescribe the procedure in that section merely for that peculiar situation. The first sentence of Section 775.11, supra, reads in part: "If at any time after sentence or conviction * * *." This clearly indicates that if the prosecuting official is advised of the prior conviction after sentence for the subsequent crime, he can inform against the offender as a habitual offender. At the same time if the prosecuting official has the information as to the prior felony conviction after conviction but before sentencing for the subsequent felony, he then informs against the offender in similar fashion. At any event it must be after conviction or sentence for the subsequent felony
By applying the provisions of the statute as we have here done the State is placed at no disadvantage. It still has ample opportunity to bring about the imposition of the added penalties upon the habitual offender. On the other hand we preserve to an accused all of his rights to a fair trial in accord with the orderly processes of the law, as well as the full presumption of innocence until the State establishes his guilt. These are fundamental rights which should be preserved. When they are destroyed, our democratic system for the administration of justice falls with them.
The behavior of this appellant inspires no sympathy on our part. This is so because those aspects of his conduct which have come to our attention through the records of this Court are not such as to generate sympathy. Shargaa v. State, Fla. 1955, 84 So.2d 42; Perry v. Beckerman, Fla. 1957, 97 So.2d 860. Nevertheless, there are orderly processes for accusing and convicting a man for the purpose of sending him to jail. If government under law even approximates the great principles that it is supposed to comprehend, we are necessarily impelled to the conclusion that the rascal and the chiseler, the thief and the "con-man" are as much entitled to a fair trial as are those ultimately found to be innocent. We are not persuaded that fundamental requirements for assurance of a trial according to law are to be "sneered" into insignificance as mere "technical legal loopholes" for the escape of the "guilty." Those who take this "tack" are merely exponents of the view that "the end justifies the means" and that the conviction of one guilty man is justified regardless of the number of innocent heads that might eventually fall to the legal guillotine in the process. Through the fiction of "A Tale of Two Cities", Charles Dickens revealed the tragic fallacy of such a notion.
Applying the rules which we have announced in the case at bar we hold that error was committed in denying the motion to quash the information and in compelling the defendant to proceed to trial under the charges as alleged in the information.
Although other errors have been assigned, we find it unnecessary to discuss them inasmuch as the judgment will have to be reversed for the reasons above stated.
The judgment is reversed and the cause is remanded for any further proceedings consistent herewith.
TERRELL, C.J., and ROBERTS, DREW and O'CONNELL, JJ., concur.