ON REHEARING GRANTED
ALLEN, Judge.
Petition for rehearing having been filed, we have examined the record to ascertain if the Information was so framed that the felony conviction based thereon could be upheld and have determined that it was-not. The Information stated that the defendant, on the 27th day of March, 1962, unlawfully kept and maintained a place where intoxicating liquor was sold in said County and State, which said County had voted against the sale of intoxicating liquor, wines and beer; the said Willie Al *887 fred Lamb having previously, to-wit, on the 7th day of November, 1961, entered a plea of guilty in the Criminal Court of Record of Polk County, Florida, etc.
It will be observed that the State does not charge that the defendant was previously convicted of the charge in question but that he had pleaded guilty to the charge. The verdict of the jury also found that the defendant had previously pleaded guilty, not that he had been adjudicated guilty or previously convicted.
The record shows that the defendant had moved to quash the charge on various grounds but not specifically on the ground above mentioned. The lower court overruled the motion to quash.
The Florida Supreme Court, in the case of Smith v. State, 75 Fla. 468, 78 So. 530, held that an indictment charging the defendant with the sale of intoxicating liquors as a second offense in a county which had voted against the sale of such liquors, which alleges that the defendant “ ‘had theretofore prior to said sale pleaded guilty * * * of the like offense,’ is fatally defective, because such allegation is not equivalent to an allegation that the defendant ‘had been before convicted of the like offense.’ ”
The Supreme Court, in its decision in Smith v. State, supra, at page 532, 78 So. at page 532 said:
“The statute under which the indictment was framed contains the word ‘convicted’ in describing the element necessary to make the offense of selling intoxicating liquors in a county which had voted against such sale a felony. The defendant must be charged with having been before convicted of a like offense if it is intended to charge him with the felony of selling liquors as a second offense.
“In this case the indictment charges merely that the defendant had prior to the sale ‘pleaded guiilty’ in the county judge’s court ‘of the like offense.’
“The meaning of the word ‘convicted’ as used in the statute above referred to means the adjudication by the court of the defendant’s guilt. It involves all the necessary proceedings from the charge to the sentence inclusive.”
The judgment herein is reversed and the case is remanded to the lower court for a proper sentence based upon the jury’s verdict rendered July 25, 1962, finding that the defendant did “unlawfully keep and maintain a place where intoxicating liquor was sold in said County and State, which said County had voted against the sale of intoxicating liquor, wines and beer, as charged in the information.”
Reversed.
KANNER, A.C.J., and GERALD, LYNN, Associate Judge, concur.