ALLEN, Judge.
In 1962 an information was filed in the lower court charging appellee with a violation of Fla.Stat. § 849.09(1), F.S.A. and alleging, in its relevant parts, as follows:
“That DOSCHER CURTIS, a/k/a DOSHER CURTIS, on the 24th day of February, 1962, in the County and State aforesaid, having previously been convicted, adjudicated guilty and sentenced for a violation of F.S. 849.09 (1) (h), on October 24, 1961, to-wit: Possession of Lottery Tickets, did then and there unlawfully have in her possession certain tickets in a lottery for money, said lottery being commonly known as Bolita, a further description of which is to the Acting County Solicitor unknown.”
Appellee moved to quash the information, whereupon the court entered an order finding:
“That the Information * * * is prejudicial to the Defendant and effectively and effectually deprives the Defendant of due process of law as guaranteed by both the United States Constitution and the Constitution of the State of Florida, in that the Information deprives the Defendant of the presumption of innocence in a criminal trial, the Defendant not hav *755 ing: waived trial by jury, and further places the character of the Defendant in evidence without his permission or consent thereto, and the Court is therefore of the opinion that the above would deny to the Defendant a fair and impartial trial as guaranteed by applicable portions of the Constitutions of the United States and the State of Florida. * * * ”
Thereupon the information was quashed. The State appeals this order.
In including allegations of the commission of a lottery law violation and of past conviction of a lottery law violation, the State sought to bring appellee within the felony terms of Fla.Stat. § 849.09(4), F. S.A.:
“(4) Any person who is convicted of violating any of the provisions of paragraphs (h) or (j) of subsection (1) of this section shall be punished by imprisonment in the county jail for not less than ninety days nor more than one year or by fine of not less than one hundred dollars nor more than five thousand dollars, or by both such fine and imprisonment; provided, that any person who, having been convicted of violating any provision thereof, thereafter violates any provision thereof shall be punished, upon conviction, by imprisonment in the state prison for not less than one year nor more than five years, or by fine of not less than five hundred dollars nor more than five thousand dollars, or by both such fine and imprisonment.”
This statute is one of numerous statutes providing for enhanced punishment upon a second conviction of related offenses. E. g., Fla.Stats. §§ 831.10, 831.17, 562.45, F.S.A. In a manner similar to that in Fla.Stat. § 562.45, F.S.A., the statute of instant concern renders the commission of a second offense a felony rather than, as would otherwise be the cáse, a misdemeanor.
When construing and applying the similar statute, Fla.Stat. § 562.45, F.S.A., the Supreme Court of Florida has determined that the allegation of former conviction, is not only a permissive but a necessary allegation. Smith v. State, 1918, 75 Fla. 468, 78 So. 530. See Barnhill v. State, Fla.1949, 41 So.2d 329. Considering the similarity of Fla.Stat. § 562.45, F.S.A. and Fla.Stat. § 849.09(4), F.S.A., the statute of instant concern, we are impelled to the view that the allegation of former conviction was essential and that the court erred in quashing the indictment.
In so determining, we are not unmindful of the enlightened and persuasive opinion in Shargaa v. State, Fla. 1958, 102 So. 2d 814, cert. denied 358 U.S. 873, 79 S.Ct. 114, 3 L.Ed.2d 104, wherein the Supreme Court held it erroneous to include allegations of previous conviction in an information for commission of an unrelated felony. Indeed we are particularly aware of the words of Justice Thornal in that case:
“Regardless of the views of some other courts our view is that by the enactment of our habitual criminal statute,, as well as by our traditional concepts-of due process in the administration of the criminal laws, the State should not be permitted merely to charge an accused with the commission of a crime and buttress its current charge with a simultaneous allegation that the accused had previously been convicted of a totally unrelated crime committed years before. It appears to us that the product of such a procedure would' substantially destroy the historical presumption of innocence which clothes every defendant in a criminal case and in the mind of the average juror would in a measure place upon the accused the burden of showing himself innocent rather than upon the State the responsibility of proving him guilty.”
The Shargaa case, supra, however, concerned statutory provisions, Fla.Stats. §§> 775.09-775.11, F.S.A., dissimilar from Fla- *756 Stat. § 849.09(4), F.S.A. The former are concerned with habitual criminality while the latter involves successive identical or related offenses. The provisions of the statutes involved in Shargaa v. State, supra, particularly Fla.Stat. § 775.11, F.S.A., expressly provided for a distinct proceeding to determine the fact of successive convictions and obviated any assertion that both the fact of prior conviction and commission of a second crime need be determined in the same proceeding. The statute of instant concern does not so provide.
Thus, we are of the view that the language of Fla.Stat. § 849.09, F.S.A. permits an allegation of previous conviction and that the court erred in quashing the Information.
Reversed and remanded for further proceedings consistent with the foregoing.
KANNER, Acting Chief Justice, and SMITH, J., concur.