ALLEN, Judge.
In 1962 the appellant State filed an information charging appellee-defendant with a violation of Fla.Stat. 398, F.S.A. and further charging that appellee had previously been convicted of a violation of Chapter 398, the Uniform Narcotic Drug Law, thereby being liable for punishment as a second offender under the provisions of Fla. Stat. § 398.22, F.S.A. Upon appellee’s mo *401 tion, the lower court quashed the information on the grounds:
“* * * that including a prior conviction as an essential element of a separate offense * * * is contrary to law and therefore prejudicial to the defendant; further that Florida Statute Section 775.11 governs and exclusively controls the procedure in prosecutions for second and subsequent offenses. * $ *»
The State appealed.
The questions presented by the instant appeal as to whether an information is defective in containing an allegation of previous conviction and as to whether Fla.Stat. § 775.11, F.S.A. is an exclusive provision for the prosecution of second offenders were raised and determined in a similar context by the recent opinion of this court in State v. Curtis, Fla.App.1963, 152 So.2d 754, cert. denied 155 So.2d 693. However, in view of apparent confusion with respect to these questions, some elaboration would seem appropriate, particularly with respect to the distinction between the instant case and Shargaa v. State, Fla.1958, 102 So.2d 814, cert. denied 358 U.S. 873, 79 S.Ct. 114, 3 L.Ed.2d 104.
In State v. Curtis, supra, we determined that an allegation of previous conviction of a lottery law violation was not merely a permissive but a necessary element of an information seeking conviction under Fla. Stat. § 849.09(4), F.S.A. Our decision rested, in large part, upon the similarity of the statute there involved and Fla.Stat. § 562.45, F.S.A. After consideration of cases involving the latter statute we determined that the principles therein enunciated were applicable to Fla.Stat. § 849.09(4), F.S.A. State v. Curtis, supra. See Smith v. State, Fla. 1918, 75 Fla. 468, 78 So. 530; State ex rel. Lockmiller v. Mayo, 1924, 88 Fla. 96, 101 So. 228. The principle relied upon in Curtis and in the cases cited immediately above has found frequent expression in the case law in this State and in sister jurisdictions.
In Benson v. State, 88 Fla. 103, 101 So. 231 (1924), our Supreme Court held that in second offender cases the jury must expressly determine separately the question of the historical fact of the defendant’s former conviction as alleged.
In State ex rel. Lockmiller v. Mayo, 88 Fla. 96, 101 So. 228 (1924), the Court held that under Section 5486, Revised General Statutes, a first offense was a misdemeanor and a second offense a felony, but that whether the section intended to prescribe merely an increased punishment for habitual offenders, or create a new offense, a felony, for a second violation of the act, the allegation of a prior conviction was a necessary element in the so-called felony. The Court said that the prior conviction was an element to be proved; but it was not an “element” in the sense that the defendant’s guilt or innocence of the first violation of the act had to be inquired into and determined by the jury. Also it was held that the jury should find on each issue, the alleged principal offense and the prior conviction.
In Sparkman v. State Prison Custodian, 154 Fla. 688, 18 So.2d 772 (1944), the Supreme Court was considering on habeas corpus the sentence of the defendant for violation of several provisions of the Narcotic Drug Law, §§ 398.01 to 398.23, Fla.Stats., F.S.A. the case factually being very similar to the instant case. The opinion does not show that there was any attack on the information but the Supreme Court, in its opinion, said:
“ * * * It is a general rule that on a charge of a ‘second or subsequent’ offense, the question of a prior conviction is an essential element of the offense charged, and is an issue of fact to be determined by a jury. See People v. Brown, 253 Mich. 537, 235 N.W. 245, 82 A.L.R. 341-385.
“Unless controlled by statute, it is generally necessary to allege in an indictment the fact of a prior conviction, and during the trial support said allegation by admitting into evidence a certi *402 fied copy of the record or by other competent evidence, in order to subject an accused to the enhanced punishment provided for by Section 398.22, supra. See State ex rel. Stoutamire v. Mayo, supra; [128 Fla. 843, 175 So. 808,] * * * ; Norwood v. State, supra [80 Fla. 613, 86 So. 506]; 31 C.J. 734, par. 282; Smalley v. People, 96 Colo. 361, 43 P. 385; Barr v. State, 205 Ind. 481, 187 N.E. 259; Vaughn v. Commonwealth of Kentucky, 262 Ky. 588, 90 S.W.2d 1037; Pullen v. State of Texas, 129 Tex.Cr.R. 23, 85 S.W.2d 723.”
In the case of Massey v. United States (8th Cir. 1928) 281 F. 293, the indictment contained a statement of the prior convictions of the defendant for crimes. The Court held that there was no error in allowing the information or indictment to be read to the jury at the beginning of the trial. The Court said that where the defendant was being tried for a second offense, the prior conviction constituted a part of the offense,' .and must be alleged in the indictment, and that therefore there was no error in having the indictment read to the jury. The Court said:
“•* * * statement of a prior conviction is regarded as a part of the description and character of the offense intended to be punished, and as an essential ingredient of such aggravated offense. The accused is entitled to have the exact charge against him stated in the indictment or information, and to have the verdict of the jury upon the fact of a prior conviction for the same offense, and of his identity with the person so convicted, and it is the duty of the government which prosecutes to allege and prove the existence of the pri- or conviction of the accused as a fact that may cause a severer penalty to be imposed. The allegation and proof of the prior conviction does not prove a different crime from the one charged in the indictment or information on trial, and does not impair the right of trial by jury; * * * and hence there was • no error in allowing the information to be read to the jury at the beginning of the trial.”
See also Maguire v. State, 47 Md. 485 (1878) ; Com. v. Payne, 242 Pa. 394, 89 A. 559 (1913).
The Tennessee Supreme Court, in Frost v. State, 205 Tenn. 671, 330 S.W.2d 303, 80 A.L.R.2d 1191 (1959), held that an indictment which alleged four prior convictions of driving while intoxicated without alleging when or where any of the alleged four previous convictions were had, or specifying any other details thereof, was insufficient as a basis for imposing the greater penalty authorized by a habitual offender provision of the statute. The Court, in its opinion, said:
“Section 59-1035 T.C.A. provides that for a third or subsequent conviction there shall be imposed upon the offender a fine of not more than $1,000 and confinement in the workhouse for not more than eleven (11) months and twenty-nine (29) days. The concluding sentence of this code section is as follows : ‘provided further that in the prosecution of second or subsequent offenders the indictment or presentment need not allege any prior offense but it shall be sufficient for the proof to show a prior conviction or convictions in order to warrant the imposition of the increased penalty.’
“This proviso has been adjudged by the Federal Appellate Courts as a violation of the due process clause of the Federal Constitution, amend. 14. Edwards v. Rhea, 6 Cir., 238 F.2d 850, and this Court’s unreported case of James E. Bailey v. State, a case coming up from Knoxville following the decision in the Rhea case. These two cases were dealing with our Habitual Criminal Statute, T.C.A. § 40-2801 et seq. The proviso, however, is the same as that hereinabove quoted from the driving while intoxicated statute.
“On a previous appeal by Frost from his conviction in this case the indict *403 ment under which the proceedings were had did not allege the commission of the alleged prior offenses. However, relying upon the validity of the proviso mentioned, the Trial Court permitted evidence of such prior convictions. This Court, because of the Rhea and Bailey decisions, supra, reversed and remanded for a new trial, 203 Tenn. 549, 314 S.W.2d 33, 37, and in so doing stated as follows:
“ ‘Therefore, it must be held that the concluding provision of Code, Section 59-1035 purporting to authorize proof of conviction and mandatorily increased punishment for the second or third offense of driving while drunk without previous notice thereof given to the defendant in the indictment, or otherwise, in so far as it purports to dispense with notice, is invalid in that it is a violation of the due process clause of the State and Federal Constitutions.’”
Following the Frost decision in 80 A.L.R.2d at page 1196, there appears an annotation concerning the “form and sufficiency of allegations as to time, place, or court of prior offenses or convictions, under habitual criminal act or statute enhancing punishment for repeated offenses.” A study of this annotation shows that the objections were not to alleging the facts of the prior conviction in the information and indictment but that objections were raised primarily because the facts were not specifically alleged or did not detail enough information to protect a criminal in the event of another prosecution.
In an extensive annotation appearing in 58 A.L.R. under the title of “Constitutionality and construction of statute enhancing penalty for second or subsequent offense,” there appears under section f. 1., “Necessity of alleging prior conviction,” page 64, the following:
“It has been generally held that, in order to subject an accused to the enhanced punishment for a second or subsequent offense, or as an habitual criminal, it is necessary to allege in the indictment the fact of a prior conviction or convictions.”
Following the above paragraph there appear numerous decisions from 37 states, Florida being included in this group. On page 71, under “Florida,” the following appears:
“In Florida, it is held that the fact of a prior conviction should be specifically and clearly alleged in the indictment, and not left to inference.
“Thus, in Smith v. State (1918) 75 Fla. 468, 78 So. 530, the court held that the allegation of the prior conviction was a material element of the offense charged, and had to be specifically made, and not left to inference.
“In construing the statute providing for enhanced punishment for subsequent offenses, the court in Smith v. State, supra, held that, in order to convict a person of a second offense,, the information or indictment must allege the fact of a former conviction, and an allegation that the defendant had pleaded guilty to a prior offense was insufficient, because such allegation was not equivalent to an allegation that the defendant ‘had been before convicted of the like offense.’
“It is to be observed that in Benson v. State (1924) 88 Fla. 103, 101 So. 231, the court dealt with the construction of § 9266, Laws of Fla.1923, which section was declared invalid because of defective title in Porter v. State (1926) 91 Fla. 667, 108 So. 814. That section provided that the accused should not be deemed a second offender unless he had theretofore been convicted of one or more of four possible transgressions of the act, viz., manufacturing, selling, possessing for sale, or transporting for sale any intoxicating liquors for beverage purposes. So, it was held that the indictment on the charge of second offense should allege not merely the fact of illegal possession of liquors, but of *404 illegal possession for sale. See to the same effect, Dupree v. State (1924) 88 Fla. 106, 101 So. 232. Compare Reynolds v. State (1927) 92 Fla. 1038, 111 So. 285.”
The annotator, in discussing the Federal cases (58 A.L.R. 70) states:
“The court in McCarren v. United States (1925; C.C.A. 7th) 8 F.(2d) 113, held that the manner in which the issue of a prior conviction was to be presented to the jury was a matter largely in the discretion of the trial judge. It appeared here that the defendants were charged in one count with a sale of intoxicating liquors on a certain day, and by the next count he was charged with the identical sale as a second offense, and the substance of the indictment of the previous offense was set forth. This practice was upheld. The court also held that the same issues, by appropriate instructions, could have been presented under a single count. The court said that the essential thing was that the jury determine whether the defendant had been previously convicted.
“Where a party is charged with a second or subsequent offense under a law altering the penalty by reason of the former offense, the former offense must be averred in the indictment, not as the averment of another offense, but as an historical fact; and a defendant is not prejudiced by the fact that the prior conviction was shown by the record to have taken place on April 17, 1923, when the indictment alleged that it occurred on April 7, 1923. Jacobs v. United States (1928) 58 App.D.C. 62, 24 F.(2d) 890.”
The annotator discusses the habitual offender indictment and procedure in England in 58 A.L.R. 108.
“In Reg. v. Willis (1872) 12 Cox, C. C. 192_ C.C.R. it was held that the indictment must allege the fact of a prior conviction, in order for the court to impose the enhanced punishment. The reason for this was that the prisoner was entitled to have the question of his identity tried by a jury, and this could not be done unless the prior conviction appeared on the record. See to same effect, Reg. v. Summers (1869) 11 Cox, C.C. 248.
******
“In Reg. v. Fox (1866) 10 Cox, C.C. 502, it was held that, although the fact of a prior conviction must be alleged in the indictment, yet, in order to secure the prisoner a fair trial, that part of the indictment must not be read to the jury. The court said that it was only after the question of guilt on the principal offense had been established that the question of a prior conviction had to be determined by the jury. See to the same effect, Reg. v. Key (1851) 5 Cox, C.C. 369, and Reg. v. Shuttleworth (1851) 5 Cox, C.C. 371, where it was held that the prisoner must be arraigned on the entire indictment, but only tried on the subsequent or principal offense first.”
It is clear then that prior to the Shargaa decision, the Florida decisions, in line with the vast majority of the case law elsewhere, held that in enhanced punishment statutes the previous conviction of a related or similar crime must be alleged in the information or indictment. In fact, many jurisdictions held that failure to so allege in the charges prohibited the operation of the enhanced punishment provision of the statutes.
Since Shargaa, several lower courts have held informations bad that included a reference to a previous conviction — such a case was State v. Curtis, supra, and this case.
Let us examine Shargaa minutely and see if it precluded, in cases brought under specific enhanced punishment statutes, any allegation in the information as to a previous conviction.
In Shargaa v. State, Fla. 1958, 102 So.2d 814, cert. denied 358 U.S. 873, 79 S.Ct. 114, 3 *405 L.Ed.2d 104, the appellant, who had been convicted, simultaneously, of the crime of grand larceny and of being a second offender, appealed, alleging that the information upon which the conviction depended was violative of Fla.Stat. §§ 775.09 and 775.11, F.S.A. The information in question provided :
“EMERSON ALLS WORTH, County Solicitor for the County of Broward, State of Florida, charges that BEN BABE SHARGAA also known as B. BABE SHARGAA on the 24th day of December, A.D. 1953, in the County and State aforesaid did commit the felony of Issuing a Worthless Check for More Than Fifty Dollars, and that thereafter on the 28th day of September, 1954, the said BEN BABE SHARGAA * * * in the Criminal Court of Record in and for Broward County, Florida, was duly convicted and adjudged guilty of said felony, and that thereafter, on the 18th day of January, 1956 the said BEN BABE SHARGAA also known as B. BABE SHARGAA, in the County and State aforesaid, did then and there unlawfully and feloniously steal the personal property, thing in action, evidence of debt, contract, or article of value, the property of Willie Singleton and Carrie Singleton, a more particular description being to the County Solicitor unknown, of a value of more than $50.00 that said crimes are separate and distinct felonies, that the said BEN BABE SHARGAA also known as B. BABE SHARGAA is the same person who committed each of said crimes, and that he is guilty of committing two felonies under the laws of the State of Florida, contrary to the form of the Statute in such cases made and provided and against the peace and dignity of the State of Florida.”
Both Shargaa and the State conceded that the information was designed to invoke the provisions of Fla.Stat. § 775.09, F.S.A., which provides:
“A person who, after having been convicted within this state of a felony or an attempt to commit a felony, or under the laws of any other state, government or country, of a crime which, if committed within this state would be a felony, commits any felony within this state is punishable upon conviction of such second offense as follows: If the subsequent felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then such person must be sentenced to imprisonment for a term no less than the longest term nor more than twice the longest term prescribed upon a first conviction. If the subsequent felony is such that upon a first conviction the offender would be punishable by imprisonment 9 for life or for a term of years, in the alternative, then such person must be sentenced to imprisonment for life or for any number of years not less than twenty years.”
Shargaa, however, argued that the increased punishment provisions could be invoked only in strict compliance with the procedures prescribed in Fla.Stat. § 775.11, F.S.A., providing:
“If at any time after sentence or conviction it shall appear that a person convicted of a felony has previously been convicted of crimes as set forth either in § 775.09 or § 775.10' the prosecuting attorney of the county in which such conviction was had, shall file an information accusing said person of such previous convictions, whereupon the court in which such conviction was had shall cause said person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegations contained in such information and of his right to be tried as to the truth thereof, according to law, * * *.”
Thus, issue was joined on the question, as stated in the Supreme Court’s opinion,
*406 “ * * * whether a defendant may be charged in one information with having committed a felony upon which he is then about to be tried and having previously been convicted of an unconnected felony in order to lay the basis for punishment as a second offender in the event of his conviction of the currently alleged offense.” (Emphasis added.)
In resolving this question the Court first pointed out that the case did not involve the “customary” second offender information charging successive convictions, hut involved a charge of one conviction and an alleged but unproven charge of commission of another crime. The Court then emphasized the fact that evidence of prior conviction would be and was presented to the same jury that was trying the defendant for the alleged second crime. Adverting to the well established rule that evidence of “crimes independent and unconnected with the crime for which the defendant is on trial” is inadmissible, the Court recognized exceptions to 'this rule but found them inapplicable. Again the Court emphasized the fact that the crime charged and the earlier crime for which the appellant had been convicted were “totally unrelated.”
Turning to the State’s argument that the provision of § 775.09 providing increased punishment for a person previously convicted who “commits” a crime justified the procedure followed below, the Court pointed out that the fact of commission of the second unrelated crime was not determined until conviction for that crime. Accordingly the statute became operative only upon — and after — successive convictions. This conclusion was buttressed by reference to the provisions of § 775.11 clearly requiring conviction of the subsequent offenses and by reference to the title of the original act, Ch. 12022, Law of Florida 1927, clearly indicating that § 775.11 prescribed the sole procedure for invocation of §§ 775.09, 775.-10.
Significantly, the Court did not mention any of the statutes which provide enhanced, punishment for commission of successive related or identical crimes, e. g. Fla. Stats,. §§ 398.22, 849.09 F.S.A. Neither did the Court discuss those cases approving and requiring an allegation of previous conviction in an information charging commission of a subsequent related crime and seeking conviction as a second offender, e. g. Smith v. State, 1918, 75 Fla. 468, 78 So. 530. Of course, under the facts of the Shargaa case, involving unrelated crimes and prosecution under §§ 775.09-775.11, these cases were distinct and their holdings inapplicable. Conversely, since the instant case involves related crimes and Fla.Stat. § 398.22, F.S.A. rather than § 775.09, the decision in Shargaa is, as in the Curtis case, inapplicable and un-determinative here.
The instant appeal, like the Curtis case and unlike the Shargaa case, involves related offenses. Like the cases relied upon in our decision in Curtis, the instant case involves prosecution under a statute which has been construed by the Supreme Court as requiring an allegation of previous conviction in a prosecution as a second offender. Sparkman v. State Prison Custodian, supra. Admittedly the statute involved in the instant case differs from those statutes discussed in the Curtis case in that under the Narcotic Drug Law both first and second offenses are felonies while under the lottery laws a second offense changes the character of the crime from misdemeanor to felony. However, the 'fact that the allegation of a previous conviction was determinative of the proper jurisdiction in Curtis and is not so significant in this case does not preclude application of the rationale of the Curtis case to the instant case.
The essential similarity of the instant case and the Curtis case lies in the fact that they both involve prosecution, as a second offender, of a defendant charged with the commission of one offense and previous conviction of a related offense. The Shargaa case is essentially distinct in that it in *407 volved prosecution for one offense and an allegation of conviction of an unrelated offense. Indeed, the opinion in Shargaa expressly indicates that the previous conviction, allegation of which was held erroneous, was “unconnected” and “unrelated” to the subsequent crime charged.
When, as in the instant case, a statute provides increased punishment for the commission of successive related offenses, an allegation of previous conviction of the first offense is necessary to the defendant’s conviction for the second offense as a second offender. On the other hand, should the successive offenses be unrelated •or should the State, by choice or circumstance, choose to raise the issue of two of•fenses after conviction for the second offense, the provisions of Fla.Stat. § 775.11, F.S.A. would be applicable. In any event, the last sentence of Fla.Stat. § 775.10, F.S. .A.:
“A person to be punishable under this and the preceding section need not have been indicted and convicted as a previous offender * * * but may be proceeded against as provided in the following section.”
would seem to clearly indicate that § 775.-11 is an alternative and not an exclusive provision in cases involving prosecution for a successive related offense.
It may well be that the procedure •contemplated in Fla.Stat. § 775.11, F.S.A., -is the better means of determining and punishing the second offender. Certainly it •effectively eliminates the possible prejudice -created by an allegation of previous conviction coupled with an allegation of the -commission of an offense. See Note 48 Nw. U.L.Rev. 742 (1954). However, short of •.finding some violation of Due Process or -a specific constitutional guarantee, this -court cannot substitute its judgment for that •of the Legislature. Cf. Cross v. State, 1928, 96 Fla. 768, 119 So. 380; See Oyler v. Boles, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed. 2d 446 (1962). Neither can it refuse to follow the clear precedent -of the Smith, Sparkman and similar cases cited earlier, nor assume, in view of statutory and factual distinctions, that these cases were overruled, sub silentio, in Shargaa.
In support of the conclusion that the procedure under Fla.Stat. §§ 775.09-775.11, F.S.A., is not an exclusive means of prosecuting second or subsequent offenders when, as in the instant case, another statute provides for enhanced punishment for successive convictions of similar or related offenses, attention is directed to 25 Am.Jur., Habitual Criminals, §§ 23-35 (1940 Supp. 1963) and 42 C.J.S. Indictments and In-formations § 145 (1944 Supp.1963) and Annotations, some of which have been discussed earlier, in 58 A.L.R. 20 (1929), 82 A.L.R. 345 (1933), 116 A.L.R. 209 (1938), 132 A.L.R. 91 (1941), 139 A.L.R. 673 (1942), 144 A.L.R. 240 (1943) and 80 A.L.R.2d 1196 (1961). A study of the foregoing and the cases discussed above reveals that at least three distinct means of prosecuting second offenders have been adopted in the United States. One of these means requires submission of the questions of guilt of the second offense and the fact of its being a second offense-to the same jury for consideration at the same time. This is the procedure envisioned by Fla.Stat. § 398.22, F.S.A. Another means of prosecution requires submission of the questions of guilt of the second offense and guilt of having been twice convicted to separate juries in separate proceedings. This is the method contemplated by Fla.Stat. § 775.09 et seq., F.S.A. Finally, a third method of prosecution requires submission of the two questions to the same jury in the same proceeding, but delays submission of the question of successive convictions until after determination of guilt of the substantive offense.
It is neither inconsistent nor impossible that Florida has adopted two distinct methods of prosecuting second offenders, each with á proper area of utilization and application. There is nothing in the Shargaa case indicating renunciation or abandon *408 ment of one of these two means in favor of exclusive application of the other. Cf. Frost v. State, 1958, 203 Tenn. 549, 314 S.W. 2d 33.
The order quashing the information is reversed and the cause remanded for proceedings consistent with the foregoing.
Reversed.
SMITH, C. J., and SMITH, D. C., Associate Judge, concur.