OWEN, Judge.
Appellant was convicted of unlawful sale of narcotics under Chapter 398, F.S.1967, F.S.A., and sentenced to fifty years in the state prison for a third conviction. He appeals both the judgment and the sentence.
The information charged appellant with unlawfully selling a narcotic drug on June 3, 1967, and also charged him with two prior convictions of unlawful sale of narcotics (specifically describing the prior convictions).
Appellant’s first point is that the trial court erred in not instructing the jury on the lesser included offense of possession of a narcotic drug. Without deciding the question of whether unlawful possession of a narcotic drug is necessarily included in the offense of unlawfully selling a narcotic drug, the record clearly establishes that an instruction on unlawful possession was never requested by the defendant. The only time the matter was ever brought to the court’s attention was immediately after the jury had retired to deliberate and the court afforded counsel an opportunity to record any objections to the instructions as *14 given. At that time defendant’s counsel made an oral objection, not to any instruction which the court had given, but rather to the court’s failure to instruct the jury that it could find the defendant guilty of the “lesser included offense of possession”. Upon the court’s inquiry of counsel as to whether a request for such an instruction had been presented during the charge conference (the proceedings of which were not made a part of the record on appeal) defendant’s counsel responded in the negative. Even if it might be inferred that the defendant’s objection to the court’s failure to give such an instruction is the equivalent of a request, it is clear that the request was not submitted in writing either at the charge conference or at the time the matter was first brought to the court’s attention. No error is shown on this point. Brown v. State, Fla. 1968, 206 So.2d 377; Flagler v. State, Fla.1967, 198 So.2d 313; Simmons v. State, Fla.App. 1968, 214 So.2d 729; Jerry v. State, Fla.App. 1968, 213 So.2d 440.
Appellant’s other point on appeal is directed to the sentence of SO years in the state prison. Such a sentence would be justified only for a third or subsequent conviction of unlawfully selling a narcotic drug. Section 398.22(1) (c), F.S.1967, F. S.A.
At the commencement of the trial the court confirmed an earlier ruling or order (which order is not otherwise shown in the record on appeal) to the effect that no evidence would be submitted to the jury concerning the defendant’s prior convictions as alleged in the information, nor would the jury be informed as to these allegations. The court cited as authority for this position the cases of Shargaa v. State, Fla.1958, 102 So.2d 814, cert. den., 358 U.S. 873, 79 S.Ct. 114, 3 L.Ed.2d 104, and State v. Fernandez, Fla.App.1963, 156 So.2d 400. Pursuant to such ruling, there was no evidence presented during the trial to prove the alleged prior convictions. Nonetheless, the jury returned its verdict finding appellant “guilty as charged in [the] information”. Following a presentence investigation appellant was sentenced to fifty years in the state prison, ostensibly as a third or subsequent offender under Section 398.-22(1) (c), F.S.1967, F.S.A. Although the sentence is proper under the verdict and the judgment entered thereon, it is clear that the verdict finding appellant guilty of the unlawful sale of June 3, 1967, and of two prior convictions of unlawful sale of narcotics, is not supported by the evidence. Sparkman v. State Prison Custodian, 1944, 154 Fla. 688, 18 So.2d 772; State v. Fernandez, supra.
The very thorough opinion by Judge Allen in the case of State v. Fernandez, supra, recognized, as did the trial court in the instant case, the possible prejudice (to a defendant) which is created by an allegation of previous conviction when coupled with an allegation of the commission of an offense for which the defendant is then being tried. This, of course, was the rationale of the Shargaa case, supra, as to successive unrelated offenses. Solely by way of dicta (since the matter is not squarely before us in this case) we agree that such reasoning is sound.
The question that is before us here is whether in those cases where the statute provides increased punishment for the commission of successive related offenses, one may be sentenced as a second or third or subsequent offender without having been so charged and the allegations proved in an adversary proceeding conducted with all due process safe guards. This must be answered in the negative. Sparkman v. State Prison Custodian, supra. Compare Section 775.11, F.S.1967, F.S.A. which provides such a procedure for recidivist proceedings in general.
The evidence in this case clearly justifies a jury verdict finding appellant guilty of unlawfully selling a narcotic drug, to-wit: canabis, commonly known as marijuana, to one E. L. Hull on June 3, 1967. The judgment and sentence are severally vacated and this cause remanded *15 for further proceedings. Upon remand the court is directed to enter against appellant a judgment of guilty of the crime of unlawful sale of a narcotic drug on June 3, 1967, and to thereafter impose such sentence as may be appropriate under Section 398.22(1), F.S.1967, F.S.A. Neither our opinion in this case nor our mandate should be interpreted as prohibiting the court from entertaining recidivist proceedings against this appellant.
Reversed and remanded.
WALDEN and REED, JJ., concur.