277 So.2d 78 (1973)
Edward B. HENRY, Appellant,
v.
STATE of Florida, Appellee.
No. 72-797.
District Court of Appeal of Florida, Second District.
May 4, 1973.
*79 James A. Gardner, Public Defender, and W. Daniel Kearney, Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard C. Booth, Asst. Atty. Gen., Tampa, for appellee.
LILES, Acting Chief Judge.
Appellant was convicted of robbery after a jury trial. The only arguable point raised by appellant on appeal is that the trial judge committed error by failing to instruct the jury on the lesser offense of attempted robbery, or on any necessarily included offenses of robbery, i.e., larceny (grand or petit), assault with intent to commit robbery and simple assault. The record shows that the trial judge, after instructing the jury, inquired of counsel whether there were any additional requested instructions. Counsel stated that there were none. A rather imposing line of cases indicate that absent a request for lesser included offense instructions it is not error for the trial judge to omit giving them. In fact the request, if made, should be in writing. See, Brown v. State, 206 So.2d 377, 384 (Fla. 1968).
In Brown v. State, supra, the Florida Supreme Court set out in rather clear language the substantive law relating to the giving of instructions on lesser included offenses. Justice Thornal divided the cases into four categories:
(1) Crimes divisible into degrees.
(2) Attempts to commit offenses.
(3) Offenses necessarily included in the offense charged.
(4) Offenses which may or may not be included in the offense charged, depending on the accusatory pleading and the evidence.
The gist of the holding in Brown related to the question of whether the trial judge was at liberty to scrutinize the evidence in the case in making his decision on whether or not to give a requested instruction. The supreme court held that the instruction as to a necessarily included offense (category (3)) must be given, without regard to the evidence in the case, because the law requires it, citing Florida Statute 919.16. That statute is now embodied in CrPR 3.510, 33 F.S.A., which reads as follows:
Upon an indictment [or] information or affidavit upon which the defendant is to be tried for any offense the jurors may convict the defendant of an attempt to commit such offense if such attempt is an offense, or may convict him of any offense which is necessarily included in the offense charged. The court shall charge the jury in this regard. (Emphasis added.)
It is clear from reading the rule that a jury has the option of convicting an accused of the offense with which he is charged as well as any necessarily lesser included offense or an attempt as embraced within categories (2) and (3) set out in Brown. It is also plain that the court must instruct the jury as to this option for it to be of any consequence. The last sentence indicates that such charges shall be given. Several recent cases have given new emphasis to the mandatory nature of the last sentence of CrPR 3.510.
In State v. Washington, 268 So.2d 901 (Fla. 1972), the defendant was accused of rape. The trial judge, over the defendant's objection, instructed the jury on the lesser offenses of assault with intent to commit rape, assault and battery, and simple assault. The Florida Supreme Court, citing Brown v. State, supra, said that, although it seems *80 logical and fair that a defendant be able to insist that he be tried only for the crimes set forth in the charging instrument, it was nevertheless the law that a trial judge is required to instruct on necessarily included offenses. Fla. Stat. § 919.16 (repealed, now CrPR 3.510). Thus the mandatory language of the rule is strong enough to withstand objection by a criminal defendant.
In a subsequent case, Rayner v. State, 273 So.2d 759 (Fla., 1973), the Florida Supreme Court considered a similar question. There the defendant requested that the trial court not give any instructions on lesser included offenses. The trial court complied with the request, whereupon the defendant was convicted of robbery, the offense charged. On appeal the defendant raised as error the trial court's failure to instruct as to any lesser included offenses, in spite of the fact that he had requested none be given. The supreme court remanded the case to this court, emphasizing its adherence to Washington, supra, but cautioning in the footnote that we might sustain the conviction in any event for failure to object at trial pursuant to Fla. Stat. § 918.10(4) (now F.A.R. 6.7(g) 32 F.S.A.).
The foregoing cases, as well as CrPR 3.510, indicate an intent to make the trial judge as neutral as possible with reference to the giving of lesser included offense instructions. The ability of the jury to convict of an attempt (category (2)) or of any necessarily included offense (category (3)) within the offense charged is not a right accruing to the jury, the defendant, or the state. It is a procedural means by which the criminal legal system attempts to insure itself against gross miscarriages of justice. If the evidence of guilt is weak on the offense charged but strong on some lesser charge, it is unfair to the people of the state for the defendant to be found innocent by the simple device of limiting the jury to choosing between a guilty verdict on the higher offense or a not guilty verdict. It is also obviously unfair to the defendant for the state, hoping for a conviction on the higher offense, to be able to insist on this choice where the defendant is perhaps clearly guilty of some offense but not necessarily the offense charged.[1] What the jury will do in such a case is pure speculation and the occurrence of this situation introduces into the system an element of chance which it need not tolerate.
As Brown indicated, the judge should instruct as to necessarily included offenses without regard to the proof in the case. This, of course, does not apply to requests for category (4) instructions where the propriety of the instructions hinges upon an evaluation of the pleading and the evidence by the trial judge. Nor, it should be noted, does CrPR 3.510 involve categories (1) or (4).
Although we are inclined to read the mandatory language of the rule literally at this point, we are nevertheless constrained to follow the numerous cases mentioned before wherein it has been held that a request for an instruction or an objection to a failure to give an instruction is a requirement to raising error on appeal. See, Flagler v. State, 198 So.2d 313 (Fla. 1967); McPhee v. State, 254 So.2d 406 (1st D.C.A.Fla. 1971); Johnson v. State, 229 So.2d 13 (4th D.C.A.Fla. 1969); Jerry v. State, 213 So.2d 440 (2d D.C.A.Fla. 1968); Burkhead v. State, 206 So.2d 690 (3d D.C.A.Fla. 1968). But see, Whitehead v. State, 245 So.2d 94, 99 (2d D.C.A.Fla. 1971); Williams v. State, 247 So.2d 425 (Fla. 1971). See also, F.A.R. 6.7(g).
Applying the foregoing holdings to the instant case, it is apparent that the defendant cannot now raise as error the trial court's failure to instruct the jury as *81 to its option to convict of any attempt or necessarily included offense within the offense charged where defense counsel affirmatively replied to the court's inquiry that there were no additional requested instructions. Under the foregoing cases we have little difficulty construing the defendant's statement in reply to the trial judge as a waiver of his right to assert as error on appeal a failure to give any instructions. This is true notwithstanding the mandatory language of the rule, and the apparent tendency of the recent cases to require a mechanical application of the rule.
Such mechanical application, however, we believe would result in more evenhanded justice and would relieve the trial judge of the necessity of weighing the evidence in the case which is a function of the jury. (Again, this would not apply to category (4) instructions.) In this same vein, we believe that where there is nothing said at trial concerning lesser included offense instructions silence should not be construed as a waiver and that in such a case the mandatory language of the rule should prevail. Such a situation will rarely occur in any event, but we strongly urge the trial judges to give great weight to the last sentence of CrPR 3.510.
Another recurring problem is where the defendant requests an instruction on a lesser offense which is several offenses removed from the offense for which he was convicted. It has been held that a trial judge's refusal to give the requested instruction, although error, is harmless error, nevertheless, if the evidence in support of the jury's verdict is overwhelming or substantial. Delaine v. State, 262 So.2d 655 (Fla. 1972). This position has recently been reaffirmed by the supreme court in State v. Wilson, 276 So.2d 45, Opinion filed April 11, 1973. While we agree with and, of course, are bound to comply with our supreme court's holdings, we feel the better practice when such instructions are requested is to give all intermediate category (2) and (3) instructions down to and including the requested instruction rather than simply refusing to give the requested instruction and relying upon application of the harmless error rule. (Once again, this does not apply to a requested category (4) instruction.) If the defendant objects to the giving of the intermediate instructions the trial judge may overrule the objection and follow the language of the rule with impunity. State v. Washington, 268 So.2d 901 (Fla. 1972); Rayner v. State, 273 So.2d 759 (Fla. 1973).
These suggestions should make little imposition on the trial judges and hopefully will greatly reduce the number of appeals which come before this court on the subject of lesser included offense and attempt instructions.
For the foregoing reasons, the judgment is affirmed.
HOBSON and BOARDMAN, JJ., concur.
NOTES
[1] We are fully aware that this reasoning was recently criticized by the supreme court in State v. Anderson, 270 So.2d 353, 357 (Fla. 1972). However, if such is not the logic behind CrPR 3.510, we would be hard pressed to discover the basis for it.