280 So.2d 479 (1973)
Reuben R. ALFORD, Appellant,
v.
The STATE of Florida, Appellee.
No. 73-151.
District Court of Appeal of Florida, Third District.
July 17, 1973.
Phillip A. Hubbart, Public Defender and Steven Rappaport, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Arnold R. Ginsberg, Asst. Atty. Gen., for appellee.
Before CHARLES CARROLL and HAVERFIELD, JJ., and SPECTOR, SAM, Associate Judge.
PER CURIAM.
Defendant-appellant was informed against for (1) mayhem, (2) aggravated assault, and (3) robbery. He was tried by a jury and convicted of aggravated assault and robbery.
On appeal, one of appellant's contentions is that the trial court erred in not including larceny as a lesser included offense of robbery in its charge to the jury.
The record on appeal reflects the following with regards to the issue of lesser included offenses:
"THE COURT: Both the State and defense special requested instructions are denied. Most of them are included in the Court's standard charges.
"All right.
"Now, what about lessers?
"MR. WEED[1]: No, your Honor.

"MR. WOODWARD[2]: No, your Honor." [Emphasis supplied]
Although the recent trend is to read CrPR 3.510,[3] 33 F.S.A. as mandatory (see State v. Washington, Fla. 1972, 268 So.2d 901 and Rayner v. State, Fla. 1973, *480 273 So.2d 759); Nevertheless, we cannot ignore Florida Appellate Rule 6.7(g)[4] 32 F.S.A. which has been construed consistently to preclude an appellant from claiming reversible error because of the trial court's ruling on questions where the appellant had accepted the trial court's ruling without objection, unless he had no opportunity to object. See also Raco v. State, Fla.App. 1959, 114 So.2d 485. We also noted a long line of cases wherein it has been held that a request for an instruction or an objection to a failure to give an instruction is a requirement to raising error on appeal. See Flagler v. State, Fla. 1967, 198 So.2d 313; McPhee v. State, Fla.App. 1971, 254 So.2d 406; Johnson v. State, Fla.App. 1969, 229 So.2d 13; Jerry v. State, Fla.App. 1968, 213 So.2d 440; Burkhead v. State, Fla. App. 1968, 206 So.2d 690.
Turning to the case sub judice, in light of the above, defendant cannot now raise as error the trial court's not instructing the jury as to its option to convict of any attempt or necessarily included offense within the offense of robbery where counsel for the defense replied in the negative to the court's inquiry whether he desired instructions as to lesser included offenses. Thus, we find the following holding in Henry v. State,[5] Fla.App. 1973, 277 So.2d 78, (1973) to be applicable to the case at bar. "We have little difficulty construing the defendant's statement in reply to the trial judge as a waiver of his right to assert as error on appeal a failure to give any instructions. This is true notwithstanding the mandatory language of the rule (CrPR 3.510) and the apparent tendency of the recent cases to require, a mechanical application of the rule."
We have considered appellant's remaining points on appeal and find them to be without merit.
Accordingly, the judgment herein appealed must be and hereby is affirmed.
Affirmed.
NOTES
[1] Counsel for defense.
[2] Counsel for prosecution.
[3] 3.510 Conviction of Attempt; Lesser Included Offense
"Upon an indictment, information or affidavit upon which the defendant is to be tried for any offense the jurors may convict the defendant of an attempt to commit such offense if such attempt is an offense, or may convict him of any offense which is necessarily included in the offense charged. The Court shall charge the jury in this regard."
[4] 6.7. Assignments of Error and Directions to Clerk
.....
"g. Formal Exceptions Not Necessary in Order to Assign Error. Formal exceptions to rulings, orders or charges of the court are not necessary to support the the assignments or cross assignments of error provided for by these rules; but for all purposes for which an exception has ever been necessary, it is sufficient that a party, at the time that the ruling, order, or charge of the court is made, or sought, makes known to the court the action which he or it desires the court to take, or his or its objection to the action of the court and his or its grounds therefor; and, if a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection shall not thereafter prejudice him." [Emphasis supplied]
[5] Factually similar to the instant case.