ALLEN, Judge.
The defendant below, appellant here, appeals from a conviction and sentence on a charge of operating and maintaining a place where intoxicating liquor was sold, as a second offender.
Point 4 raised by the appellant is as follows :
“That the Court erred in denying the defendant’s motion to quash the charge on the grounds that the second offender law is based on the theory of additional punishment for habitual offenders and in order for a valid charge to have been made under this act it would be necessary that the defendant be convicted of the second offense on a separate information and on a separate trial prior to a trial under the second offender law.”
The appellant is, in effect, contending that the same procedure must be used in the prosecution under the beverage laws that is necessary under the habitual crimi-inal acts as required under Section 775.09 and Section 775.10, Florida Statutes, F.S.A, The appellant states in his brief:
“In Joyner v. State, 158 Fla. 806, 30 So.2d 304, this Court held:
“ ‘To constitute a second or a fourth conviction within the purview of Sec. *885 775.09 or Sec. 775.10, Fla.Stats., the information must allege and evidence must show that the offense charged in each information subsequent to the first was committed and the conviction therefor was had after the date of the then last preceding conviction.’ ”
The Supreme Court of Florida, in the case of Barnhill v. State, Fla.1949, 41 So.2d 329, held that where a defendant is being tried for a second violation of the beverage laws and two different but related issues are involved, the first being guilt or innocence of the second offense for which the defendant is on trial, and the second being the historical fact of the former conviction and the identity of the defendant as the perpetrator, such issues must be expressly determined separately, and the jury should be advised of that fact. F.S.A. §§ 562.45, 568.-02 and 568.05. In writing the opinion for the Court, Mr. Justice Sebring said:
“Under the cases cited the rule has become established in this jurisdiction that upon the trial of a defendant for the second violation of the beverage laws of this state two different and distinct but related issues are involved. The first is that of the guilt or innocence of the defendant of the offense charged and for which he is presently on trial; the second is the historical fact of the former conviction for the crime named in the criminal accusation, and the identity of the defendant as the perpetrator. These issues must be expressly determined separately, and the jury should be advised of that fact.
“For the sake of clarity it might be well to charge the jury, also, that under the applicable statutes and the indictment or information specifically containing a criminal charge as to both issues involved three forms of verdicts were possible of rendition, depending upon the evidence or lack of evidence adduced at the trial, namely:
“(1) If the evidence proves beyond a reasonable doubt both issues as specifically charged in the indictment or information the defendant may be found guilty as to both issues; and in such event the verdict should contain a finding of the commission of the particular present act charged in the indictment or information under which the defendant is then on trial and also a further separate finding of the prior conviction of the defendant of a violation of the beverage laws, as also charged in the indictment or information.
“(2) If the evidence satisfies the jury beyond a reasonable doubt of the guilt of the defendant as to the present violation of the beverage laws charged in the indictment or information, but leaves doubt in the minds of the jury as to the prior conviction charged, the defendant may be found guilty on the first issue and not guilty as to the second; and in such an event the verdict should find the defendant guilty of the present violation but not guilty as to the prior conviction.
“(3) If the evidence fails to satisfy the jury beyond a reasonable doubt as to whether the defendant is guilty of the present violation charged, the defendant should be found not guilty as to the whole charge.
“If the jury returns the first verdict suggested above, the entry of a judgment and the imposition of a sentence for a felony would be authorized under section 562.45, supra. If the second suggested verdict is returned, a judgment and penalty as for a misdemeanor would be proper. If the finding of the jury should be ‘not guilty’, that, of course, would be the end of the matter and the defendant would be entitled to his discharge.”
The record shows that the trial judge correctly charged the jury in the instant case in telling the jury:
“ * * * The State must prove to you first, and to each of you beyond a rea *886 sonable doubt, that Willie Alfred Lamb in Polk County, Florida, on the 27th of March 1962, or at any time within a period of two years prior to the filing of this information on May 1st, 1962, that on that date or that period of time, that he unlawfully kept and maintained a place in Polk County where intoxicating liquor was sold, Polk County being a county which had voted against the sale of intoxicating wines, liquors and beer.
“That is brought under Section 568.04 of the Florida Statutes which provides: ‘It is unlawful for anyone to keep or maintain a place where intoxicating wines, liquors or beer are sold in any county that has voted against the sale of intoxicating liquor wines and beer.’
“You will have two forms of verdict as to that part of the information. One of guilty. ‘We the jury find the defendant Willie Alfred Lamb guilty in that he did on the 27th of March 1962 in the County of Polk, State of Florida, unlawfully keep and maintain a place where intoxicating liquor was sold in said county and state.’ And one of not guilty.
“You will consider that part first. If you believe he is guilty and you do beyond a reasonable doubt, your form of verdict should be guilty of that part of the information.
“If you find him guilty, then you should consider the additional charge in there, that is the second offender. If you do not find him guilty- of the first part, then, of course, you can disregard the second part because it isn’t material. But then if you found him guilty of keeping and maintaining the place on the 27th of March 1962, then you can consider the next part of it. That is, whether you believe the State has proved beyond a reasonable doubt that he previously, to-wit: on the 7th of November, 1961 entered a plea of guilty in the Criminal Court of Record in and for Polk County to the charge on the 29th of January 1961 he unlawfully had in his possession and control intoxicating liquor for the purpose of sale.”'
The jury brought in a verdict finding the defendant guilty of unlawfully keeping and maintaining a place where intoxicating liquor was sold in said county and’ state, which said county had voted against the sale of intoxicating liquor, wines and beer, as charged in the information. Also, the jury found the defendant guilty of having previously entered a plea of guilty in the Criminal Court of Record of Polk County on the 7th day of November, 1961,. of unlawfully having in his possession, custody and control on the 29th day of January, 1961, intoxicating liquor for the purpose of sale in Polk County, Florida, which said county had voted against the sale of intoxicating liquor, wines and beer, etc.
The record also shows that Lamb was properly identified as being the person that had previously plead guilty and identified as the person then on trial.
Other questions were raised by the appellant which we have noted, but find to be without merit.
Affirmed.
KANNER, A. C. J., and GERALD, LYNN, Associate Judge, concur.