## STATE ex rel. WEST v. BUCHANAN, Sheriff.
### No. H. C. 2457.

Circuit Court, Dade County.
September 19, 1963.

Rosenhouse & Rosenhouse, Miami, for relator.

Richard E. Gerstein, State Attorney, Joan Elizabeth Fransella, Ass't. State Attorney, for respondent.

MARSHALL C. WISEHEART, Circuit Judge.

This matter came on to be heard upon the petition for writ of habeas corpus, the answer and return of the respondent, and the motions of the relator, Frank West, filed herein, and the court being fully advised in the premises, is of the opinion that the said Frank West is illegally detained in the custody of the respondent, T. A. Buchanan.

The complaint upon which conviction and sentence was had charged the relator in the metropolitan court in and for Dade County with "driving while under the influence of alcoholic beverage or narcotic drug in violation of section 30-15(a) of the Code of Metropolitan Dade County, Florida." Upon conviction, the trial court sentenced the relator to one year in jail, and the relator has served five months of this sentence.

Section 30-15 of the Code of Metropolitan Dade County provides —

Sec. 30-15. *Driving while intoxicated.*

(a) It is unlawful for any person who is an habitual user of narcotic drugs or any person who is under the influence of intoxicating liquor or narcotic drugs, when affected to the extent that his or her normal faculties are impaired, to drive or be in the actual physical control of any vehicle within this county.

(b) Every person who is convicted of a violation of this section shall be punished by imprisonment for not less than forty-eight hours nor more than 60 days and by a fine of not less than one hundred dollars, nor more than five hundred dollars, or by both such fine and imprisonment. On a second or subsequent conviction he shall be punished by imprisonment for not less than thirty days nor more than six months and, in the discretion of the court, a fine of not more than one thousand dollars; on a third conviction he shall be punished by imprisonment for a period of one year.

The relator, who was the defendant below, contends that he was charged as a first offender, but sentenced as a third offender. This situation is reflected by the record which shows that the relator was sentenced to one year in the county jail, notwithstanding that the maximum sentence for a first offense is 60 days. The relator contends that his sentence was illegal and this court agrees with him for the following reasons.

This court considers it to be fundamental that no offender can be adjudged guilty and sentenced for the violation of statute or ordinance unless and until he is clearly charged with same.

If after a complaint has been made by an arresting officer, and prior to trial on the merits, it comes to the attention of the prosecuting attorney that the defendant has been previously convicted of the same offense, the prosecuting attorney may file a new complaint charging the defendant with committing the current offense and with being previously convicted of the same offense.

This court is of the opinion, in construing and applying this ordinance, that the allegation of former conviction is not only a permissive but a necessary and essential allegation. Therefore, the learned trial court erred in proceeding to judgment and sen-

tence without the prosecuting attorney having first filed the necessary charge in the metropolitan court.

This court has given due and careful consideration to the recent cases styled State of Florida v. Curtis (Fla. App. 1963), 152 So.2d 754 (certiorari denied by Supreme Court July 19, 1963, 155 So.2d 693), and Lamb v. State (Fla. App. 1963), 151 So.2d 884, and adopts these decisions as the decision of this court where applicable to the issues involved.

Therefore, it is considered, ordered and adjudged that the relator, Frank West, be discharged from custody, and that the respondent be and he is hereby ordered and directed to release the relator, Frank West, forthwith.