### STATE, ex rel. MORRIS v. BUCHANAN, Sheriff.
No. H. C. 2467.

Circuit Court, Dade County.
December 4, 1963.

Harry W. Prebish, Miami, for relator.

Richard E. Gerstein, State Attorney, Joan Elizabeth Fransella, Ass't. State Attorney, for respondent.

FRANCIS J. CHRISTIE, Circuit Judge.

This cause coming on before me to be heard upon the writ of habeas corpus heretofore issued herein and the answer and return and motion to dismiss of the respondent, argument of counsel and the court being otherwise advised in the premises, the court finds and is of the opinion that the relator is illegally detained in the custody of the respondent for the following reasons —

Officer Schram testified at the trial of the relator that he did not see him drive his automobile, or commit any offense in his presence, and was not even in his car when the officer arrived at the scene where the arrest took place.

Obviously, the arrest in this instance could not be justified under 901.15, Florida Statutes, which requires this type of offense to be committed in the presence of the arresting officer. See Campbell v. Dade County, 113 So.2d 708.

The relator properly and timely challenged said illegal arrest by filing his special appearance and motion to dismiss prior to his arraignment on the charges filed by asserting that said illegal arrest did not confer jurisdiction upon the trial court over the person of the defendant.

Thereafter, an affidavit and complaint was filed by Harold Solomon, an Assistant State Attorney, as follows —

Case No. 3-204355  *In The Metropolitan Court in and for Dade County, Florida.*

State of Florida, County of Dade, *Plaintiff,* vs
MORGAN D. MORRIS
10770 S. W. 74 Ave.
Miami, Florida,
       *Defendant*

### AFFIDAVIT AND COMPLAINT

Before me, the undersigned authority duly authorized to administer oaths personally came Harold Solomon, Assistant State Attorney, who, being duly sworn, deposes and says that one MORGAN D. MORRIS, the defendant herein, on the 27th day of April, 1962, at and in the Metropolitan Court in and for Dade County, Florida, was convicted and adjudicated guilty of the offense of driving a vehicle while under the influence of intoxicating liquor in violation of Section 30-15 of the Code of Metropolitan Dade County, Florida, which offense occurred on April 11, 1962; and subsequent thereto, on March 30, 1963, at and in Dade County, Florida, did then and there while under the influence of intoxicating liquor or narcotic drugs and when affected to the extent that his normal faculties were impaired, unlawfully drive or was in actual physical control of a vehicle within Dade County, Florida, against the peace and dignity of Dade County, Florida, and in violation of Section 30-15 of the Code, as amended, of the County of Dade,

      (Signature) Harold Solomon, Complainant.

Sworn to and subscribed before me this 10th day of September, 1963

*(Metropolitan Court Seal)*            Richard P. Brinker,
          Clerk, By F. M. Timmons, Deputy Clerk.

## A warrant was issued by a deputy clerk of the metropolitan court upon said affidavit and complaint which reads as follows —

Case No. 3-204355  *In The Metropolitan Court in and for Dade County, Florida.*

State of Florida, County of Dade, *Plaintiff,* vs.
MORGAN D. MORRIS
10770 S. W. 74 Ave.
Miami, Florida,
       *Defendant*

### WARRANT

In The Name of the State of Florida,

To All and Singular, the Sheriffs, Constables, Metropolitan, Municipal, Peace and Law Enforcement Officers of the State of Florida,

*Greetings:*

WHEREAS Harold Solomon, Assistant State Attorney, has made oath that one MORGAN D. MORRIS, the defendant herein, on the 27th day of April, 1962, at and in the Metropolitan Court in and for Dade County, Florida, was convicted and adjudicated guilty of the offense of driving a vehicle while under the infuence of intoxicating liquor in violation of Section 30-15 of the Code of Metropolitan Dade County, Florida, which

offense occurred on April 11. 1962; and subsequent thereto, on March 30, 1963, at and in Dade County, Florida, did then and there, while under the influence of intoxicating liquor or narcotic drugs and when affected to the extent that his normal faculties were impaired, unlawfully drive or was in actual physical control of a vehicle within Dade County, Florida, against the peace and dignity of Dade County, Florida, and in violation of Section 30-15 of the Code, as amended, of the County of Dade, and

WHEREAS there is cause to believe that said Complaint is well founded; now, therefore,

You are hereby commanded to arrest forthwith the said MORGAN D. MORRIS and bring him before one of the judges of the Metropolitan Court to be dealt with according to law.

WITNESS, Richard P. Brinker, Clerk of this court, and the Seal of this court this 10th day of September, 1963.
(*Metropolitan Court Seal*)

> Richard P. Brinker,
> Clerk
> By (s) F. J. Timmons
> Deputy Clerk

The affidavit and complaint executed by an Assistant State Attorney is illegal and insufficient as a matter of law in that it is not in proper form and is not based upon the affidavit of a person or persons who had actual knowledge of the facts contained therein, when such affiants were available (in this case Milton Bullock, Metro Fire Department, who witnessed the alleged violation of March 30, 1963, and Officer John J. Conway, South Miami Police Department, who allegedly could identify the relator as having previously been convicted of a similar charge.) Further, the commingling of the two different inconsistent and repugnant offenses in one count is improper, erroneous and duplicitous.

The proper procedure to follow in jury trials for habitual or persistent offenders in the metropolitan court, under Metropolitan Code 30-15, is the following —

1. The affidavit and complaint should be divided into two or more counts —

A. The first count should set forth the particular current offense with which the accused is charged, and should be sworn to by the arresting officer or some other person who has actual knowledge of the offense when such affiants are available.

B. The second count should allege the former conviction and should be sworn to by some person who can identify the defendant as the person previously convicted. If more than one previous conviction exists, then a separate count for each should contain said previous convictions.

2. The entire affidavit and complaint in counts should be read to the defendant upon arraignment out of the presence of the jury and the defendant's plea as to each count should be noted in the record. If the defendant pleads guilty to the previous conviction or convictions, said plea should be recorded by the court and no disposition of same by way of fine or imprisonment should be rendered at that time but should be reserved until the final disposition by the jury of the current offense. No mention of the said count or counts should be made to the jury during the trial of the cause as charged in the first count by either the court or the prosecution.

3. If the accused should enter a plea of not guilty to the previous conviction or convictions then the submission of the questions of guilt as to each count of the complaint, including the current charge, should be made to the same jury for consideration at the same time. See State v. Fernandez, 156 So.2d 400.

Where there exists one or more procedures in the prosecution of habitual or persistent violators, the one least likely to violate an accused's rights should be employed. Especially when the employment of the same does not violate the rights constitutionally guaranteed to the prosecution.

No departure from State, ex rel. West v. Buchanan, Habeas Corpus No. 2457, in this court [22 Fla. Supp. 37], is intended or should be implied; said case requiring specific and separate allegations in subsequent offender cases involving driving while under the influence of intoxicating liquor or narcotic drugs, of (a) a previous conviction on said charge, and (b) the committing of a current similar offense.

Habeas corpus is the proper remedy to challenge the jurisdiction of a trial court over a person who is detained in custody without lawful authority. Sec. 79.01, Fla. Statutes. Where an indictment, information or complaint is void a trial thereon is also void and the prisoner is entitled to be discharged on habeas corpus. Hepburn v. Chapman, 109 Fla. 133, 149 So. 196.

"It is settled law that the legality of a judgment and sentence under which a person is held or under which he is imprisoned may be inquired into and adjudicated by the courts in a habeas corpus proceeding." Sparkman v. State Prison Custodian, Supreme Court of Florida, 18 So.2d 772.

It is therefore ordered and adjudged that the relator, Morgan D. Morris, be discharged from custody, and that the respondent be, and he is hereby, ordered and directed to release the relator, Morgan D. Morris, forthwith.