BARKDULL, Chief Judge.
This is a certiorari proceeding wherein the petitioner has filed its petition, seeking to have a certain portion of an order of the-circuit court quashed, which reversed in part a conviction in the Metropolitan Court of Dade County, Florida.
It appears that the respondent herein was charged [in one complaint in the Metropolitan Court] with careless driving and driving while under the influence of an in *239 toxicating liquor, which original complaint was amended to show that the respondent had previously been convicted of driving while under the influence. At the time of the trial, no evidence was introduced as to the prior conviction and the trial court found the respondent guilty of reckless driving and driving while under the influence, and sentenced him as a first offender. An appeal was duly prosecuted to the circuit court, which resulted in an opinion of affirmance as to the reckless driving, but entered a reversal as to the driving while under the influence because of the failure to prove the prior conviction, it having been alleged in the original complaint as amended.
By these proceedings, the petitioner contends that the circuit court departed from the essential requirements of the law in holding that it was necessary to establish the prior offense to sustain the conviction in the instant cause. See: State v. Katz, Fla.App.1959, 108 So.2d 60.
It appears from the opinion written by the able circuit judge that the sole basis for the reversal of the conviction for driving while intoxicated was the failure to prove the prior or historical offense and, in this determination, we find that he departed from the essential requirements of the law. It is apparent from the authorities in this State that the necessity of proving the prior or historical offense is for the purpose of increased punishment, and is not a necessary element to be established to sustain a charge in the first instance. See: State ex rel. Lockmiller v. Mayo, 88 Fla. 96, 101 So. 228; Cross v. State, 96 Fla. 768, 119 So. 380; Lamb v. State, Fla.App.1963, 151 So.2d 884.
Therefore, so much of the circuit judge’s order of reversal as is here under review be and the same is hereby quashed, with directions to reinstate the judgment of conviction and sentence of the Metropolitan Court of Dade County, Florida.
Order quashed, with directions.