## STATE v. MIRANDA.
### No. 5662.

Circuit Court, Dade County, Criminal Appeal.
June 1, 1965.

Ferrell & Young and Charles H. Snowden, all of Miami, for appellant.

Richard E. Gerstein, State Attorney, and John P. Durant, Assistant State Attorney, for appellee.

JAMES W. KEHOE, Circuit Judge.

This is an appeal from the metropolitan court of Dade County wherein the appellant was convicted for driving while under the influence of intoxicating beverages and punished as a first offender.

In addition to the conviction appealed from, appellant was also convicted of careless driving but such conviction has not been raised as an issue on this appeal.

Appellant was charged with careless driving and as a first offender for driving while under the influence of intoxicating liquor by an original complaint issued by the arresting officer.

Subsequent thereto an amended complaint was filed charging the appellant as a second offender, alleging that on April 12, 1961, he had been convicted of the offense of driving while under the influence of intoxicating liquor and was adjudicated guilty of said offense and that thereafter on November 31, 1963 he did then and there unlawfully drive or was in actual physical control of a vehicle in Dade County while under the influence of an intoxicating liquor or narcotic drug to the extent that his normal faculties were impaired.

The cause came on for trial and a jury was duly empanelled to try the appellant on the amended complaint, which charged the prior and historic offense for which the appellant stood allegedly convicted, together with the more recent offense which the state attorney alleged had been committed in November of 1963.

After the state had presented its evidence in chief, the appellant took the stand in his own behalf. With regard to the historic offense alleged to have occurred and upon which the state alleged that he had been convicted, he testified that he had never been tried or convicted of that offense and that in fact he left this country in March of 1961 to be a participant in the Bay of Pigs invasion and had been held prisoner by the Castro Government and did not return to the United States until December of 1962 — and that in fact he had given the ticket to his brother and was unaware of what disposition was made relative to the historic offense. When this testimony came to the attention of the trial judge, he excused the jury and out of their presence inquired of the appellant's brother what had occurred, whereupon appellant's brother informed the court that he had appeared on his brother's behalf and had entered a plea of guilty and that appellant was unaware that any plea had been entered in the cause until his return to this country.

After this testimony had been received by the trial court, the jury was returned to the courtroom and was thereupon discharged from further attendance in the case.

After said discharge, however, the trial judge proceeded to try appellant as a first offender for the alleged offense that was committed in November, 1963. Based upon the testimony so presented, the trial judge found appellant guilty as a first offender of the charge of driving while under the influence of intoxicating liquor — from which conviction the instant appeal has been prosecuted.

The appellant contends that the trial judge erred in discharging the jury without his consent, and that such discharge amounted to a directed verdict on all the issues raised by the amended complaint.

The appellee contends that the only offense for which appellant was entitled to a jury trial was as a second offender and that when the trial court found, from the unrefuted evidence, that appellant was not guilty of the historic offense of driving while under the influence it was completely proper for him to discharge the jury and to thereafter try appellant as a first offender.

This court cannot concur in the view taken by the state. It is true that a defendant in the metropolitan court of Dade County is entitled to a jury trial only under certain limited circumstances. With particular application to the instant case, had the appellant been charged and tried only as a first offender, without any amended complaint, he would not have been entitled to a jury trial.

However, when the state saw fit to charge him as a second offender of the offense of driving under the influence, he was entitled to demand a jury trial under the Metropolitan Code. The jury having been empanelled to try the issues raised by the amended complaint, he was entitled to a jury trial on *all* the issues so raised — which would include not only the second offender charge of having been convicted of the historic offense in April, 1961, and the subsequent alleged offense in November, 1963, but would likewise include the single offense of driving while under the influence alleged to have occurred in November, 1963.

The recent opinion of the Third District Court of Appeal in Dade County v. Molony, 175 So.2d 238, is in complete accordance with this view. In that case the appellate court held that a defendant could be found guilty as a first offender of the offense of driving while under the influence on an amended complaint identical to the instant case where the state failed to prove the prior or historic offense and conviction thereon.

In the Molony case, however, it is apparent from the record that the defendant did not avail himself of a jury trial but in fact waived the same and went to trial on all the offenses charged in the amended complaint before the trial judge.

The appellant in the instant case having availed himself of a jury trial in accordance with the charter of Metropolitan Dade County was entitled to have all the issues raised by the amended complaint tried by such jury. As pointed out in the Molony case, one of the issues raised by the amended complaint was his guilt or innocence as a first offender.

The discharge of the jury by the trial court without the consent of appellant amounted to a directed verdict of acquittal on all charges raised by the amended complaint, and the appellant

4

is therefore now entitled to discharge. Ellis v. State, 25 Fla. 702, 6 So. 768; McLendon v. State, Fla. 1954, 74 So.2d 656.

Based on the above and foregoing, in accordance with the opinion of this court, the cause is reversed and remanded with directions to the metropolitan court to enter a judgment of acquittal on all charges raised by complaint no. 3-106378 and is directed to discharge the appellant from further attendance before the court with regard to said charges, costs of these proceedings to be taxed on proper motion before the trial court.