Eugene T. Whitworth State Attorney Gainesville
QUESTION:
Do the provisions of s. 316.193(2)(b) and (c), F. S., mandate that the statutory time periods be measured from the date of conviction of the first offense to the date of conviction of the current offense(s) or are the statutory time periods measured from the date of the commission of the first offense to the date of the commission of the current offense with subsequent conviction for the current offense being a prerequisite to invocation of the statute's enhanced penalty provisions?
SUMMARY:
Until legislatively or judicially determined otherwise, the provisions of s. 316.190(2)(b) and (c), F. S., require that the statutory time periods be measured from the date of conviction of the first offense to the date of conviction of the current offense(s).
Section 316.193(1) and (2)(a), (b), and (c), F. S., are stated as follows:
 (1) It is unlawful and punishable as provided in subsection (2) for any person who is under the influence of alcoholic beverages, model glue, or any substance controlled under chapter 893, when affected to the extent that his normal faculties are impaired, to drive or be in the actual physical control of any vehicle within this state.
 (2) Any person who is convicted of a violation of subsection (1) shall be punished:
 (a) For first conviction thereof, by imprisonment for not more than 6 months or by a fine of not less than $25 or more than $500, or by both such fine and imprisonment.
 (b) For a second conviction within a period of 3 years from the date of a prior conviction for violation of this section, by imprisonment for not less than 10 days nor more than 6 months and, in the discretion of the court, a fine of not more than $500.
 (c) For a third or subsequent conviction within a period of 5 years from the date of conviction of the first of three or more convictions for violations of this section, by imprisonment for not less than 30 days nor more than 12 months and, in the discretion of the court, a fine of not more than $1,000.
In Wooten v. State, 332 So.2d 15 (Fla. 1976), the court stated, in part, as follows:
 Under accepted rules of statutory construction, Fla.Stat. ss. 316.028 and 322.281 (1974 Supp.) should be read in pari materia, because they govern different facets of the same subject matter. 30 Fla.Jur., Statutes s. 114 (1974). The requirement that offenders who have been proven guilty be so adjudged is part and parcel of the legislative scheme to discourage drunken driving by authorizing progressively harsher sentences for multiple offenders. In order for a repeat offender to be subject to enhanced punishment for subsequent offenses under Fla.Stat. s. 316.028(4) (1974 Supp.), there must have been at least one previous conviction under Fla.Stat. s. 316.028(3) (1974 Supp.) Section 316.028 does not authorize stiffer punishment in the absence of a prior adjudication of guilt; previous entry of a judgment of conviction is the necessary precondition. (Emphasis supplied.)
Id. at 17. See also Zarsky v. State, 300 So.2d 261 (Fla. 1974); Keith v. Capers, 362 So.2d 130 (3 D.C.A. Fla., 1978), cert.denied, 368 So.2d 1363 (Fla. 1979); and County of Dade v. Molony,175 So.2d 238 (3 D.C.A. Fla., 1965). In like manner, it appears that the literal language contained in the above-quoted statute compels me to opine that in order for a repeat offender to be subject to enhanced punishment for subsequent offenses under s.316.193(2)(b) and (c), F. S., formerly s. 316.028(2)(b) and (c), F. S. (1974 Supp.), there must be at least one previous conviction
under s. 316.193(1). Cf. Ferguson v. State, 377 So.2d 709 (Fla. 1979) (criminal statutes are to be construed strictly in favor of the person against whom a penalty is to be imposed). This opinion would appear to be in harmony with the declared legislative intent which appears in s. 322.263(3), F. S., for its has been declared to be the legislative intent to:
 (3) Discourage repetition of criminal action by individuals against the peace and dignity of the state, its political subdivisions, and its municipalities and impose increased and added deprivation of the privilege of operating motor vehicles upon habitual offenders who have been convicted
repeatedly of violations of traffic laws. (Emphasis supplied.)
Cf. ss. 322.263(3), 322.264, 322.27(1)(b), (2), (3)(d), and (4), and 322.281(1), F. S.
Prepared by: Charles A. Stampelos, Assistant Attorney General